[No. 2904. Decided June 14, 1898.]

WILLIAM NORFOR, *Appellant,* v. F. M. BUSBY *et ux.,*
*Respondents.*

APPEAL — HOW AFFIDAVITS INCLUDED IN RECORD — MORTGAGE FORE-
CLOSURE — APPOINTMENT OF RECEIVER.

Affidavits introduced in the lower court will not be considered on appeal unless included in the statement of facts by certificate of the trial judge.

Under Laws 1869, p. 130, § 498, modifying the common law mortgage to a mere security, and giving the mortgagee the right of possession till foreclosure sale, the statute of 1854 (Laws 1854, p. 162) authorizing the appointment of receivers in actions for the foreclosure of mortgages must be construed as repealed by implication.

Appeal from Superior Court, Whitman County.—Hon. WILLIAM McDONALD, Judge. Affirmed.

*Winfree & McCroskey,* for appellant.

*Wyman & Neill,* and *W. H. Harvey,* for respondents.

The opinion of the court was delivered by

REAVIS, J.—On the 7th of December, 1897, appellant commenced an action to foreclose a mortgage executed by respondent F. N. Busby, a single man, who afterwards intermarried with the respondent, Annie E. Busby, his wife. The debt due was $13,810.44, not including costs and disbursements, and the mortgage security was upon farm lands in Whitman county. All of the other defendants named in the action, except respondents F. M. Busby and wife, defaulted, and respondents interposed a general demurrer to the complaint which was pending when an application for a receiver was heard. After the complaint was filed, appellant made his petition in the cause, praying for the appointment of a receiver to take possession of the mortgaged premises pending the foreclosure proceedings, and that the rents and profits accruing before sale be retained by the receiver as security for any deficiency on sale of the mortgaged premises to satisfy the debt.

The ground stated in the petition for the appointment of a receiver was that the mortgaged property was insufficient to discharge the debt. The petition stated facts which showed the insufficiency of the mortgaged property to satisfy the debt. A number of affidavits were also presented to the superior court in support of the allegations contained in the petition. An objection is made to their consideration here by respondents because they were not certified in the statement of facts to this court, and, while the consideration of such affidavits is not material in the decision here, the respondents' objection against their consideration must prevail, we having frequently determined that such papers are not part of the record unless made so by the certificate.

Respondents demurred to the petition for the appointment of a receiver and the demurrer was sustained by the superior court. The demurrer may be regarded as an objection to the appointment of the receiver upon the facts stated in the petition. The error assigned here is the refusal of the superior court to appoint a receiver on the showing made in the petition. Appellant maintains that § 326, 2 Hill's Code (Bal. Code, § 5456) is in force:

"A receiver may be appointed by the court in the following cases: . . . In an action by a mortgagee for the foreclosure of a mortgage and the sale of the mortgaged property . . . when such property is insufficient to discharge the debt, to secure the application of the rents and profits accruing, before a sale can be had."

And thus that a case was presented falling directly within the terms of the statute, and there is not presented in the controversy here any question upon the discretion of the court. This statute was enacted in 1854 (Laws 1854, p. 162), and is found in the Code of 1881, § 193. At that time there was no statutory declaration in Washington Territory changing the common law mortgage, and at common law, where the mortgage vested the fee in the mortgagee and he was entitled to the possession upon default in any of the terms of the mortgage deed, the statute was consistent with the nature of such mortgage. But the territorial legislature of 1869 (Session Laws, 1869, p. 130, § 498) provided that, "A mortgage of real property shall not be deemed a conveyance so as to enable the owner of the mortgage to recover possession of the real property without a foreclosure and sale according to law," and since such enactment a mortgage executed in this state, whatever its terms, has been merely a security incident to, and for the payment of, the principal debt.

The statute is also expressive of the public policy of the

state vesting the right of the possession in the mortgagor absolutely until a decree and sale. A similar statute has long existed in the state of Oregon (Gen. Laws of Oregon, 1845-64, p. 228, § 323). The force and effect of such legislation is fully discussed by the supreme court of the United States in the case of *Teal v. Walker*, 111 U. S. 242 (4 Sup. Ct. 420). The court said:

" This provision  .  .  .  gives effect to the view of the American courts of equity that a mortgage is a mere security for a debt, and establishes absolutely the rule that the mortgagee is not entitled to the rents and profits until he gets possession under a decree of foreclosure. For if a mortgage is not a conveyance, and the mortgagee is not entitled to possession, his claim to the rents is without support."

In that case a specific stipulation was written in the mortgage in which the mortgagee agreed to deliver possession of the mortgaged premises; and the court further said:

" The case of the defendant in error can not be aided by the stipulation in the defeasance of August 19, 1874, exacted by the mortgagee, that Goldsmith and Teal would, upon default in the payment of the note secured by the mortgage, deliver  .  .  .  possession of the mortgaged premises. That contract was contrary to the public policy of the state of Oregon, as expressed in the statute just cited, and was not binding on the mortgagor or his vendee, and, although not expressly prohibited by law, yet, like all contracts opposed to the public policy of the state, it cannot be enforced."

And the circuit court of appeals of the United States for this circuit has recently, in the case of *Couper v. Shirley*, 75 Fed. 168, decided that a stipulation in a mortgage that, upon the institution of foreclosure proceedings, a receiver of the rents and profits might be appointed on the application of the mortgagee, is contrary to the public policy of

Oregon, as shown by the statute heretofore mentioned. The legislature of Michigan, in 1843, modified the common law mortgage to a mere security, and under such statute the supreme court of Michigan, in *Wagar v. Stone,* 36 Mich. 364, held:

" The mortgagor being entitled under the statute to the possession and consequently to the rents and profits of the mortgaged premises until such time as his title is divested by a perfected foreclosure, it is not competent to cut short his rights in this regard by means of a receiver appointed in the foreclosure suit."

The same court also held in *Hazeltine v. Granger,* 44 Mich. 503 (7 N. W. 74), that although the mortgagor so stipulates, a receiver cannot be appointed on a mere default to take the rents and profits of the mortgaged land. See, also, *McMillan v. Richards,* 9 Cal. 365 (70 Am. Dec. 655); *Guy v. Ide,* 6 Cal. 99 (65 Am. Dec. 490); *Union Mutual Ins. Co. v. Union Mills Plaster Co.,* 37 Fed. 286; *American Investment Co. v. Farrar,* 87 Iowa, 437 (54 N. W. 361); *Hardin v. Hardin,* 34 S. C. 77 (12 S. E. 936, 27 Am. St. Rep. 786).

Counsel for appellant have with great industry cited cases which seem to hold a contrary view to the conclusion enunciated by the above courts. In California particularly, some of the later cases would be confusing were it not found that the legislation making a mortgage merely security is followed by a later statute providing for the appointment of a receiver for the mortgaged premises when the security is inadequate. And it may be mentioned also that the statute enacted by the territorial legislature in 1854 does not exist in several of the states from which the authorities above quoted come. But we think the weight of authority and the best reasoning support the conclusion stated in 36 Michigan, in the case of *Wagar*

*v. Stone, supra.* In so far as the statute of 1854, *supra,* is inconsistent with, or in conflict with, the later enactment of 1869 it is abrogated. When the mortgage is executed, the valuation of the security is made by the respective parties to the contract, and it is also executed in view of the public policy of the state expressed by the statute, and it is evident that the statute cannot be evaded by taking the most valuable incidents of possession from the mortgagor under the guise of rents and profits.

The judgment of the superior court is affirmed.

DUNBAR and GORDON, JJ., concur.

SCOTT, C. J.—I concur in the holding as to such lands as are here in controversy.