[No. 24222. Department One. December 13, 1932.]

THE STATE OF WASHINGTON, *on the Relation of* GARDNER
J. GWINN, INC., *et al., Plaintiff,* v. THE SUPERIOR
COURT FOR KING COUNTY *et al., Respondents.*[1]

*McClure & McClure, James Tynan,* and *Allen,
Froude, Hilen & Askren,* for relators.

*Kerr & McCord,* for respondents.

MILLARD, J.—On May 10, 1927, the Marlborough Investment Company, as mortgagor, executed a mortgage
or deed of trust mortgaging to the National Bank of
Commerce of Seattle, as mortgagee and trustee, certain real (an apartment house) and personal property
(including the rents, issues and profits of the mort-

[1] Reported in 16 P. (2d) 831.

gaged property) in the city of Seattle. The mortgage was to secure the payment of a bond issue of five hundred thousand dollars, maturing at varying dates extending over a period of ten years. The deed of trust specifically provided that the rents, issues and profits from the mortgaged real and personal property were mortgaged to secure the payment of the mortgage debt; that the mortgagor, until breach of any of the conditions of the bonds or deed of trust, would be permitted to enjoy and use the mortgaged rents, issues and profits; and that, upon commencement of judicial proceedings to enforce the rights of the trustee and the bondholders, the trustee would be entitled, as a matter of right, to the appointment of a receiver of the mortgaged property, ''and of the earnings, income, rents, issues and profits thereof, pending such proceedings.''

Bonds in the amount of forty-six thousand dollars were paid. The mortgagor defaulted in the payment on due date (May 10, 1932) of bonds aggregating four hundred and thirty thousand dollars. On August 26, 1932, the trustee commenced an action for the foreclosure of the mortgage and the appointment of a special receiver to care for and operate the properties pending the foreclosure action and the sale of the properties. The plaintiff alleged:

''That said mortgage and deed of trust provides that the rents, issues and profits from said properties are specifically mortgaged as security for said bonds. That said rents, issues and profits are being collected and dissipated by said defendants and that the same will be lost as security for said bonds unless such a receiver is appointed to collect the same pending this foreclosure. That under the provisions of said deed of trust or mortgage as above stated, the Trustee is entitled, as a matter of right, to the appointment of a receiver by this court.''

The superior court entered an order appointing a special receiver,

". . . with full power to take possession, control, management and operation of all of the properties covered by the deed of trust or mortgage . . . and to collect all rents, income, issues and profits from said properties pending this action and apply the same upon taxes, insurance and other charges and expenses necessary to the upkeep and preservation of the mortgaged property and to hold the balance thereof subject to the further order of this court. . . ."

The cause is now before us on the petition of the defendants for review and reversal of that order.

■ The only authority for the appointment of a receiver of mortgaged property pending a mortgage foreclosure is that granted by the statute (Rem. Comp. Stat., § 741) reading as follows:

"A receiver may be appointed by the court in the following cases:— . . .

"(4) In an action by a mortgagee for the foreclosure of a mortgage and the sale of the mortgaged property, when it appears that such property is in danger of being lost, removed, or materially injured; . . ."

In the case at bar, there is not a sufficient showing of waste or mismanagement authorizing the appointment of a receiver for the mortgaged property pending foreclosure.

■ Counsel for the mortgagee contend that the rents, issues and profits were specifically mortgaged to secure the payment of the mortgage debt; that the purpose of the foreclosure action is to subject the pledged rents, issues and profits to the payment of the mortgage debt; and that, under the provisions of the deed of trust, the mortgagee is entitled, as a matter of right, to the appointment of a receiver to effectuate the terms of the deed of trust.

The pertinent provisions of the deed of trust read as follows:

". . . said Marlborough Investment Co. has . . . mortgaged . . . and by these presents does . . . mortgage . . . unto the said trustee and unto its successors, the following described property . . . :

"Together with all buildings and improvements . . . *and the rents, issues and profits* thereof, and the attached list of furniture . . .

"Tenth: Upon the filing of a bill in equity, or the commencement of other judicial proceedings, to enforce the rights of the trustee and the bondholders under this deed of trust, the said trustee shall be entitled as a matter of right, to the appointment of a receiver of the property hereby mortgaged, and of the earnings, income, rents, issues and profits thereof, pending such proceedings."

"Thirteenth: The mortgagor shall create a sinking fund for the purpose of retiring the bonds secured by this deed of trust and shall deposit same with Wm. D. Perkins & Co., Bankers. A sum equal to one-sixth of the principal maturing at the next coupon date must be deposited on or before the 20th day of each month prior to the coupon date, and the mortgagor shall deposit in said fund monthly thereafter on or before the 20th day of each month, an equal amount to redeem the bonds coming due on the following coupon date and one-twelfth of the estimated annual current taxes and insurance premiums, unless for a good and sufficient reason, proven to the satisfaction of Wm. D. Perkins & Co., Bankers, such sinking fund deposit should be temporarily suspended.

"Until default shall be made in the payment of principal or interest of any of the bonds secured hereby or any part thereof as and when the same shall become due and payable or in the performance and observance of any condition, covenant or requirement of said bonds or of this mortgage or deed of trust, the trustee shall permit and suffer the mortgagor, its successors, executors, administrators or assigns to possess, operate and enjoy the property hereby mort-

gaged, with the appurtenances thereto belonging, in any manner by them desired, and to receive and use the total income, rents, issues and profits thereof." (Italics ours.)

The law is well settled in this state that a mortgagee of real property is not entitled by virtue of the mortgage, either prior or subsequent to default, to the possession of the mortgaged property. Under our statute, reading as follows, the mortgage is only a lien upon the property to secure payment of the mortgage debt:

"A mortgage of real property shall not be deemed a conveyance so as to enable the owner of the mortgage to recover possession of the real property, without a foreclosure and sale according to law." Rem. Comp. Stat., § 804.

Nor does the mortgage give to the mortgagee a right to have the rents, issues and profits of the mortgaged property subjected to the payment of the mortgage debt. The statute (Rem. Comp. Stat., § 741) authorizing the appointment of a receiver for mortgaged property pending foreclosure,

". . . does not in the least suggest that rents or income of the mortgaged property can be subjected to the payment of the mortgage debt." *Western Loan & Building Co. v. Mifflin,* 162 Wash. 33, 297 Pac. 743.

Determinative of the case at bar is *Western Loan & Building Co. v. Mifflin, supra.* In the instant case, the mortgagor "mortgaged . . . the following described property . . . together with all buildings and improvements . . . and the rents, issues and profits thereof," and stipulated that, in the event of a breach of the terms of the mortgage,

"The said trustee shall be entitled as a matter of right, to the appointment of a receiver of the property hereby mortgaged, and of the earnings, income, rents, issues and profits thereof, pending such proceedings."

In *Western Loan & Building Co. v. Mifflin, supra,* as in the case at bar, it was urged that a provision substantially the same as the above quoted provision authorized the appointment of a special receiver to collect the rents and income of the mortgaged property for the purpose of applying the net rents and income to the payment of the mortgage debt. That provision was as follows:

"Together also with the rents, issues, profits and income from said premises, with the right at any time after default or maturity, to collect the same, and, to enforce this provision, the mortgagee or holder shall be entitled to the appointment of a receiver."

Quoting with approval *Teal v. Walker,* 111 U. S. 242, and *Norfor v. Busby,* 19 Wash. 450, 53 Pac. 715, we held that such a stipulation was an agreement to place the mortgagee in possession prior to foreclosure, hence was not enforceable, as it was a contract in violation of the public policy of this state that a mortgage was a mere lien and not a conveyance.

In *Norfor v. Busby, supra,* the application for the appointment of a receiver averred that the mortgaged property was insufficient to discharge the mortgage debt. The statute (2 Hill's Code, § 326, Bal. Code, § 5456) provided that

"A receiver may be appointed by the court in the following cases: . . . . In an action by a mortgagee for the foreclosure of a mortgage and the sale of the mortgaged property . . . when such property is insufficient to discharge the debt, to secure the application of the rents and profits accruing, before a sale can be had."

We there said that the statute (Laws 1869, p. 130, § 498), which is the same as Rem. Comp. Stat., § 804:

". . . is also expressive of the public policy of the state vesting the right of the possession in the mortgagor absolutely until a decree and sale. A sim-

ilar statute has long existed in the state of Oregon (Gen. Laws of Oregon, 1845-64, p. 288, § 323). The force and effect of such legislation is fully discussed by the supreme court of the United States in the case of *Teal v. Walker*, 111 U. S. 242 (4 Sup. Ct. 420). The court said:

" 'This provision . . . gives effect to the view of the American courts of equity that a mortgage is a mere security for a debt, and establishes absolutely the rule that the mortgagee is not entitled to the rents and profits until he gets possession under a decree of foreclosure. For if a mortgage is not a conveyance, and the mortgagee is not entitled to possession, his claim to the rents is without support.'

"In that case a specific stipulation was written in the mortgage in which the mortgagee agreed to deliver possession of the mortgaged premises; and the court further said:

" 'The case of the defendant in error cannot be aided by the stipulation in the defeasance of August 19, 1874, exacted by the mortgagee, that Goldsmith and Teal would, upon default in the payment of the note secured by the mortgage, deliver . . . possession of the mortgaged premises. That contract was contrary to the public policy of the state of Oregon, as expressed in the statute just cited, and was not binding on the mortgagor or his vendee, and, although not expressly prohibited by law, yet, like all contracts opposed to the public policy of the state, it cannot be enforced.'

"And the circuit court of appeals of the United States for this Circuit has recently, in the case of *Couper v. Shirley*, 75 Fed. 168, decided that a stipulation in a mortgage that, upon the institution of foreclosure proceedings, a receiver of the rents and profits might be appointed on the application of the mortgagee, is contrary to the public policy of Oregon, as shown by the statute heretofore mentioned. The legislature of Michigan, in 1843, modified the common law mortgage to a mere security, and under such statute the supreme court of Michigan, in *Wager v. Stone*, 36 Mich. 364, held:

" 'The mortgagor being entitled under the statute to the possession and consequently to the rents and profits

of the mortgaged premises until such time as his title is divested by a perfected foreclosure, it is not competent to cut short his rights in this regard by means of a receiver appointed in the foreclosure suit.' . . .

"Counsel for appellant have with great industry cited cases which seem to hold a contrary view to the conclusion enunciated by the above courts. In California particularly, some of the later cases would be confusing were it not found that the legislation making a mortgage merely security is followed by a later statute providing for the appointment of a receiver for the mortgaged premises when the security is inadequate. And it may be mentioned also that the statute enacted by the territorial legislature in 1854 does not exist in several of the states from which the authorities above quoted come. But we think the weight of authority and the best reasoning support the conclusion stated in 36 Michigan, in the case of *Wager v. Stone, supra.* In so far as the statute of 1854, *supra,* is inconsistent with, or in conflict with, the later enactment of 1869 it is abrogated. When the mortgage is executed, the valuation of the security is made by the respective parties to the contract, and it is also executed in view of the public policy of the state expressed by the statute, and it is evident that the statute cannot be evaded by taking the most valuable incidents of possession from the mortgagor under the guise of rents and profits."

*Teal v. Walker, supra,* is very illuminating, when read in the light of the amendment thereafter of the Oregon statute to permit an assignment of rents and profits.

In *State ex rel. Allen v. Superior Court,* 164 Wash. 515, 2 P. (2d) 1095, upon which respondents rely, we held that the facts of that case were not within the rule laid down in *Norfor v. Busby, supra,* and *Western Loan & Building Co. v. Mifflin, supra,* with which "we are in complete accord." The author of the opinion in the case at bar adheres to the view that *Western Loan & Building Co. v. Mifflin, supra,* and *State ex rel. Allen*

*v. Superior Court, supra,* are not distinguishable in principle—that the same rule was applicable in both cases. That, however, is not the view of this court. The majority opinion in *State ex rel. Allen v. Superior Court, supra,* foreclosed the question as to the validity of an executed agreement to place the mortgagee in possession of the mortgaged property prior to foreclosure and sale.

The facts in the case at bar present the question of the enforceability of an executory agreement to place the mortgagee in possession of the mortgaged property prior to foreclosure and sale. That question is foreclosed by *Western Loan & Building Co. v. Mifflin, supra.*

The cause is remanded, with direction to the superior court to vacate the order appointing the special receiver.

PARKER, MITCHELL, and HOLCOMB, JJ., concur.

TOLMAN, C. J. (dissenting)—In my opinion, the majority has wholly misinterpreted and misconstrued the force and effect of our decision in the case of *Western Loan & Building Co. v. Mifflin,* 162 Wash. 33, 297 Pac. 743, and has here impaired and denied the obligation of a plain and valid contract. I therefore dissent.

### ON REHEARING.

[*En Banc.* March 10, 1933.]

PER CURIAM.—Upon a rehearing *En Banc,* a majority of the court adhere to the Departmental opinion heretofore filed herein. The cause is therefore remanded, with direction to the superior court to vacate the order appointing the special receiver.