**HART, Rec., v. BINGMAN et al.**

No. 24680.    April 9, 1935.

C. A. Ambrister, for plaintiff in error.

George C. Beidleman, Cochran & Noble, and R. T. Potter, for defendants in error.

PER CURIAM. The parties in this action occupy the same position as in the court below and will be referred to, respectively, as plaintiff and defendants.

This action was brought by plaintiff, W. T. Hart, receiver, against the defendants, W. B. Bingman and R. T. Potter, assignees for creditors of the McIntire Furniture Company, to recover a money judgment in the amount of $350 per month from March 1, 1931, less the sum of $350 as rental for the premises involved in said action.

Judgment was rendered for the plaintiff against the defendants in the amount of $700 for three months' rent from February 1, 1932, until May 1, 1932, at the rate of $350 per month, on which three months' rent a credit was applied by the court in the amount of $350. From this judgment, plaintiff appeals to this court and makes four assignments of error as follows:

"(1) That the court erred in overruling the motion of the plaintiff in error for new trial.

"(2) That the court erred in not rendering a judgment for the plaintiff in error on the stipulation of facts entered into between said parties.

"(3) That the court erred in finding and holding that the McIntire Furniture Company, a corporation, was not liable for the payment of rent on the building occupied by it for which plaintiff in error was receiver.

"(4) That the court erred in holding that the receiver was not entitled to collect rents from the McIntire Furniture Company for whom the defendants in error are assignees, although there was a written agreement to do so."

Plaintiff seeks reversal of said judgment, and asks for judgment in favor of the plaintiff and against the defendants in the sum of $4,900, with interest thereon at 6 per cent. per annum from the 1st day of May, 1932.

This case was tried in the court below without a jury on a stipulation as to certain facts, together with certain other evidence introduced by both parties, and the material facts are as follows:

On July 22, 1924, C. C. McIntire, Georgia H. McIntire, D. M. Smith, and Amelia S. Smith were the owners of certain business property in the town of Okmulgee, Okla., in the building on which said owners operated a general furniture store.

That on such date the owners executed their promissory notes totaling the sum of $65,000, and for the purpose of securing the same, executed a mortgage on said premises and which apparently contained a clause pledging all rents, issues, and profits thereon to the Massachusetts Mutual Life Insurance Company, a corporation.

Thereafter, D. M. Smith and Amelia S. Smith transferred their interest in such business and property to C. C. McIntire and Georgia H. McIntire, who continued to occupy the building and operate such business.

Thereafter, on March 1, 1931, the McIntire Furniture Company transferred said property and business to the McIntire Furniture Company, a corporation, including all assets, and C. C. McIntire and Georgia H. McIntire accepted stock in the corporation therefor. The McIntire Furniture Company, a corporation, continued to occupy said building from March 1, 1931, and was occupying said premises at the time of the institution of this action, on April 30, 1932.

On December 6, 1931, the Massachusetts Mutual Life Insurance Company commenced its action in foreclosure in the district court of Okmulgee county, on said notes and mortgage hereinbefore mentioned, and applied to such court for the appointment of a receiver for said premises.

On April 25, 1932, according to plaintiff's petition, W. T. Hart was appointed by the district court in said foreclosure action as receiver for said premises.

According to the stipulation of facts, on or about January 20, 1932, it was agreed that McIntire Furniture Company should

pay the sum of $350 for the month of February, 1932, to H. E. Perkins, as rent, and that no other payments were made after that time either on behalf of the corporation or the defendant assignees.

That on or about March 23, 1932, the McIntire Furniture Company, a corporation, assigned all of its stock of goods and fixtures, together with all accounts and notes, to W. B. Bingman and R. T. Potter as trustees for the creditors of the McIntire Furniture Company, a corporation, and that said stock was sold by said trustees and the proceeds held by them and deposited in the Central National Bank of Okmulgee.

That immediately after the trustees took possession, plaintiff served notice upon them that plaintiff claimed a lien and interest in said funds, and that no part of said funds has been paid to any of the creditors of said corporation.

That the McIntire Furniture Company, during the period from March 1, 1931, until it made its assignment on March 23, 1932, paid no rent for the use and occupancy of said building to any person, except the sum of $350 paid to H. E. Perkins as aforesaid.

The record in this case does not disclose the order appointing W. T. Hart receiver; consequently, we are not informed accurately as to the powers and authority of such receiver; hence, we must assume that such receiver was appointed as receiver only for the mortgaged property, which assumption is based upon the pleadings and briefs of the parties.

Plaintiff contends:

First, a person or corporation occupying premises must pay a reasonable rental value for the same.

Second, corporation and stockholders are distinct entities, and a stockholder of the corporation is not liable for the claims against the corporation, or vice versa.

Third, a receiver must collect any and all amounts due as the officer of the court and any person having a claim to the funds so collected may present them to the court appointing such receiver.

Plaintiff proceeds on the theory that because the McIntire Furniture Company, a corporation, occupied the premises in question for the time mentioned without paying any rent to any person except the sum of $350, such corporation is liable to the plaintiff for the reasonable rental value of the property during its occupancy thereof.

It is undisputed from the testimony that $350 was a reasonable rental.

We call attention to the fact that plaintiff was not receiver for the corporation, but for the property, and in this connection, if plaintiff is to prevail on his claim to such rents, he must do so under and by virtue of the terms of the mortgage in question as to those rents accruing prior to the time that he was appointed receiver. We do not dispute that after plaintiff's appointment as receiver for said premises he was entitled to collect the rents from said premises, or under the theory of the trial court up to the time of the payment of the sum of $350 by the corporation to H. E. Perkins, which under the facts in this case was a temporary arrangement in lieu of receivership and preceding the appointment of such receiver for a short time.

It appears from the record that McIntire Furniture Company, a corporation, occupied said premises as lessees of C. C. McIntire and Geoergia H. McIntire.

We agree with counsel for plaintiff that a corporation and stockholders are distinct entities and that the nonliability for rent of the owners could not be imputed to the corporation, the lessee.

In this state a real estate mortgage is only a lien upon the property, subject to foreclosure by appropriate procedure, and the right to the possession of the premises is dependent wholly upon the termination of a foreclosure action, except as to the statutory and equitable powers relating to the appointment of a receiver. This court has heretofore passed upon clauses in real estate mortgages which attempt to pledge the rents and profits to be derived from the property, and has uniformly held such clauses to be void and unenforceable, the same being contrary to the public policy of this state. In so doing, this court has followed and approved the decisions of other states adhering to the mortgage lien theory as distinguished from those states wherein title passes under and by virtue of the mortgage, but with a defeasance clause.

Subsequent to the appeal in this case, this court has had before it a case of similar import, which, in our opinion, is controlling, and we refer to Rives v. Mincks Hotel Co. et al., 167 Okla. 500, 30 P. (2d) 911, in which the points material to a decision in this case are discussed at length. Such case held:

"In this jurisdiction, a mortgage on real

estate conveys a lien only and legal title can ripen only by foreclosure. The title to the property remains in the mortgagor until such time as foreclosure proceedings are terminated and completed. Any provision of a mortgage contract which attempts to place the mortgagee in possession of the premises upon the future default of payment or upon the failure to meet any of the conditions of the contract is contrary to the public policy of this state.

"An examination of intervener's petition shows that he relies solely upon the stipulation of his mortgage as to rents and possession, in his application to vacate the appointment of the receiver."

In the case of Western Loan & Building Co. v. Mifflin, 162 Wash. 33, 297 P. 743, 746, it was held:

"Under the mortgage lien theory prevailing in our state and in many other states, it appears to be well-settled law that a mortgaging of real property gives no right to the mortgagee to have applied towards the payment of the mortgage debt the rents or income of the mortgaged property; this, manifestly, because the mortgage is nothing more than a lien upon the property to secure payment of the mortgage debt, and in no sense a conveyance entitling the mortgagee to possession or enjoyment of the property as owner. Section 804, Rem. Comp. Stat., reads:

" 'A mortgage of real property shall not be deemed a conveyance so as to enable the owner of the mortgage to recover possession of the real property, without a foreclosure and sale according to law.' * * *

"In Norfor v. Busby, 19 Wash. 450, 53 P. 715, 716, the force and effect of section 804, Rem. Comp. Stat., above quoted, was drawn in question, wherein Judge Reavis, speaking for the court, said: 'The statute is also expressive of the public policy of the state vesting the right of the possession in the mortgagor absolutely until a decree and sale. A similar statute has long existed in the state of Oregon. Gen. Laws Or., 1845-64, p. 228, sec. 323. The force and effect of such legislation is fully discussed by the Supreme Court of the United States in the case of Teal v. Walker, 111 U. S. 242, 4 S. Ct. 420, 28 L. Ed. 415: the court said: 'This provision * * * gives effect to the view of the American courts of equity that a mortgage is mere security for a debt, and establishes absolutely the rule that the mortgagee is not entitled to the rents and profits until he gets possession under a decree of foreclosure; for if a mortgage is not a conveyance, and the mortgagee is not entitled to possession, his claim to the rents is without support.' ' "

In the case of State v. Superior Court, 170 Wash. 463, 16 P. (2d) 831, 19 P. (2d) 1119, 87 A. L. R. 620, it is said:

"Mortgage provision for appointment of receiver of rents and profits as matter of right held unenforceable, because constituting agreement to place mortgagee in possession before foreclosure, violating public policy making mortgage merely lien (Rem. Comp. Stat. secs. 741, 804)."

In the case of Long v. Devereux Co., 87 Mont. 198, 286 P. 402, 405, it is said:

"The prevailing rule is that if a mortgagee desires to avail himself of the right to rents and profits pledged by a mortgage upon real estate without the right of immediate possession of the land, he must claim them by invoking the aid of a court of equity for the appointment of a receiver to take possession of the rents and profits. This right is conferred by section 9301, Revised Codes of 1921. Thus, in Grether v. Nick, 193 Wis. 503, 213 N. W. 304, 215 N. W. 571, 572, 55 A. L. R. 525, the court said: 'In jurisdictions where the mortgagor retains the legal title and right of possession, as here, it follows that the right to collect rents and profits remains in the mortgagor until he is deprived of possession in the manner provided by law, and this notwithstanding the fact that the mortgage may pledge the rents and profits. This must be true, unless the clause pledging rents and profits should be construed as sufficient to pass the legal title and right of possession to the mortgage. This has never been held in any jurisdiction, and should not be, as it would afford an easy way of evading the policy of our statutes which makes a mortgage a mere lien upon land, leaving the legal title and right of possession in the mortgagor. It is plain in this jurisdiction that, under a mortgage pledging rents and profits, the benefit of such rents and profits does not inure to the mortgagee until possession has passed from the mortgagor. Under the principles established here, the mortgagor may not be deprived of possession except under circumstances discussed in the former opinion. In order to accomplish such dispossession the mortgagee must invoke the aid of a court of equity.' To the same effect are the following: Stamp v. Eckhardt, 204 Iowa, 541, 215 N. W. 609; Davenport v. Thompson, 206 Iowa, 746, 221 N. W. 347; First Trust Co. v. Beall (208 Iowa, 1107) 225 N. W. 943; Freedman's Savings Co. v. Shepherd, 127 U. S. 494, 8 S. Ct. 1250, 32 L. Ed. 163; Freeman v. Campbell, supra (109 Cal. 360, 42 P. 35); Cowdery v. London & San Francisco Bank, 139 Cal. 298, 73 P. 196, 96 Am. St. Rep. 115; In re Clark Realty Co. (C. C. A.) 234 F. 576; In re Israelson (D. C.) 230 F. 1000; Sullivan v. Rosson, 223 N. Y. 217, 119 N. E. 405, 4 A. L. R. 1400: Rhinelander v. Richards, 184 App. Div. 67, 171 N. Y. S. 436."

In 19 R. C. L. 320, it is said:

"The rule is unaltered by the circumstance that the profits or income are specifically pledged in the mortgagee as security.

Until possession taken by the mortgagee, he has no right to them, but they belong to the mortgagor. Furthermore, the mortgagor is not liable to the mortgagee for rent for the period of his occupancy; nor can he be compelled to account to the latter for the rents and profits received, even though the security proves deficient. (American Bridge Co. v. Heidelbach, 94 U. S. 798, 24 L. Ed. 144; Fosdick v. Schall, 99 U. S. 235, 25 L. Ed. 339; Teal v. Walker, 111 U. S. 242, 4 S. Ct. 420, 28 L. Ed. 415; Sage v. Memphis, etc., R. Co., 125 U. S. 361, 8 S. Ct. 887, 31 L. Ed. 694; Freedman's Sav. etc. Co. v. Shepherd, 127 U. S. 494, 8 S. Ct. 1250, 32 L. Ed. 163; Green v. Coast Line R. Co., 97 Ga. 15, 24 S. E. 814, 54 A. S. R. 379, 33 L. R. A. 806)."

In the light of these authorities, we must hold that the plaintiff is entitled to collect rent on said premises from the date of his appointment, but, in the instant case, the parties having recognized H. E. Perkins as intermediary between these parties in lieu of a receiver, that the defendants are liable for rent as found and held by the trial court.

In further support thereof, we cite the case of Nolan v. Mathis, 147 Okla. 155, 295 P. 801, wherein it was held:

"The appointment of a receiver to rent and collect rents and profits in an independent action, but concerning the same subject-matter, subsequent to the execution of a lease by the administrator does not prevent the administrator from maintaining an action to collect rents and profits arising from leases executed by him prior to the appointment of such receiver."

As heretofore pointed out, the record does not disclose the order appointing such receiver, and we have assumed that his powers and functions are the general powers and functions of a receiver in typical foreclosure actions.

The mortgagee under the authorities above cited, not being entitled to rents under and by virtue of the clause contained in its mortgage, cannot recover rents accruing prior to the appointment of the receiver or recognition of such receiver.

The judgment of the trial court is, accordingly, affirmed.

The Supreme Court acknowledges the aid of Attorneys R. W. Simons, A. L. Zinser, and M. C. Garber in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Simons and approved by Mr. Zinser and Mr. Garber, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.