**TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA, a New York corporation, Appellee,**

v.

**OKLAHOMA TOWER ASSOCIATES LIMITED PARTNERSHIP, a Connecticut limited partnership; and Tower Associates Wrap Corp., a Delaware corporation, Appellants.**

No. 75324.

Supreme Court of Oklahoma.

Oct. 2, 1990.

Fuller, Tubb & Pomeroy by David Pomeroy and Terry Stokes, Oklahoma City, for appellants.

Gable & Gotwals by Richard W. Gable, Tulsa, for appellee.

HODGES, Justice.

Appellee, Teachers Insurance and Annuity Association of America (Teachers), brought a foreclosure action against appellants, Oklahoma Tower Associates Limited Partnership, and Tower Associates Wrap Corporation (collectively OTALP). Center City, Inc. (CCI) was also named as a defendant.[1] CCI managed First Oklahoma Tower, the subject of the foreclosure action. In addition to the mortgage, Teachers received an assignment of the rents. The foreclosure action included an Application for the Appointment of a receiver. The receiver was appointed on January 29, 1990.

This is an appeal under Okla.Stat. tit. 12, § 993(A)(5)[2] to review an interlocutory order enforcing the rent assignment. The order directed that the rents collected from the tenants before the appointment of the receiver and held by CCI be paid to Teachers. The Order also directed that $141,-684.99 be paid to the taxing authorities from the rents held by CCI.

There are two predominant theories of mortgage law: the lien theory and the title theory.[3] Under the lien theory, the mort-

---

1. Center City, Inc. is not a party to this appeal.

2. Okla.Stat. tit. 12, § 993(A)(5) (Supp.1984) provides:

    When an order ... directs the payment of money pendente lite except where granted at an ex parte hearing, refuses to direct the payment of money pendente lite, or vacates or refuses to vacate an order directing the payment of money pendente lite ... the party aggrieved thereby may appeal the order to the Supreme Court without awaiting the final determination in said cause....

3. Hubble, *A New Day for Assignment of Rents Clauses in Oklahoma,* 60 Okla.B.J. 1893 (1989).

gagee holds a lien on the property, and the mortgagor retains all incidents of ownership. The mortgagee must take some action before he is entitled to possession of the property.[4] Under the title theory, the mortgagee holds title to the property and has all the rights incidental to ownership. However, the mortgagee generally allows the mortgagor to possess the property.[5]

In the absence of an enforceable rent assignment, the right to rents from mortgaged property is determined by which mortgage theory a jurisdiction follows.[6] Under the title theory, the mortgagee is entitled to the rents until defeased of his interest in the property.[7] Under the lien theory, the mortgagee is not entitled to the rents until the mortgagor is removed from possession.[8] Oklahoma is a lien theory state.[9]

Prior to 1979, Oklahoma prohibited, by common law and for public policy reasons, assignment of rents clauses contained in or executed simultaneously with the mortgage.[10] Therefore, a mortgagee was not entitled to the rents of the mortgaged property until some possessory action was tak-

en.[11] Enhancing a mortgagee's rights, in 1979 the Legislature amended title 46, section 4 of the Oklahoma Statutes.[12] The amendment eroded the common law to the extent that, within very limited circumstances, rent assignments became enforceable.

In 1986, the Legislature removed the remaining impediments to the enforcement of rent assignments.[13] Currently, title 46, section 4 of the Oklahoma Statutes states:

[L]ikewise nothing in this title or in Sections 10 and 11 of Title 42 of the Oklahoma Statutes, shall be construed to prevent a mortgagor, in a mortgage transaction not involving a consumer loan ... from mortgaging and assigning the rents and profits from the mortgaged real property as additional security for the debts secured by the mortgage, *without regard to whether such assignment provides for immediate collection, or collection upon a future default of the mortgagor, by the mortgagee, or its successors, assigns or agents, of the rents and profits so assigned as the same become due; provided that nothing*

---

**4.** Note, *Mortgages: The Right to Rents of Mortgaged Property in Oklahoma,* 37 Okla.L.R. 605, 606 (1984).

**5.** *Id.* at 608.

**6.** G. Nelson & D. Whitman, Real Estate Finance Law § 4.20 (2d ed. 1985); Note, *supra* note 4, at 608.

**7.** Note, *supra* note 4, at p. 608.

**8.** *Id.*

**9.** *Coursey v. Fairchild,* 436 P.2d 35, 38 (Okla. 1967); Okla.Stat. tit. 42, § 10 (1981).

**10.** *Hart v. Bingman,* 171 Okla. 429, 43 P.2d 447, 449 (1935); *Rives v. Mincks Hotel Co.,* 167 Okla. 500, 30 P.2d 911, 915 (1934).

**11.** *Hart,* 43 P.2d at 450.

**12.** The amendment provides:

*[N]othing in this title or in Sections 10 and 11 of Title 42 of the Oklahoma Statutes, shall be construed to prevent a mortgagor, in a mortgage transaction ... from mortgaging and assigning the rents and profits from the mortgaged real property as additional security for the debts secured by the mortgage,* where such assignment (i) is made contemporaneouly

[sic] with the execution of the mortgage, either as a provision therein or by separate instrument, and (ii) covers a lease or leases *then existing or thereafter executed, including renewals or extension thereof or substitutes therefor,* which cover all or any part of the mortgaged real property, and (iii) is an assignment not conditioned upon a future default by the mortgagor, and (iv) provides for the immediate collection by the mortgagee, or its successors, assigns or agents, of the rents and profits so assigned as the same become due. Any mortgagee taking an assigment of rents and profits as described above shall have the obligation to account and pay to the mortgagor regarding any rents and profits actually collected pursuant to such assigment, which are not applied on the indebtedness owing to the mortgagee; however, the mortgagee shall not be deemed to have other fiduciary obligations to the mortgagor resulting from such assignment or be deemed to be in possession of the mortgaged real property, unless the mortgagee also enters into continued physical possession of the mortgaged real property and exercises exclusive operating control of the mortgaged real property.

Okla.Stat. tit. 46, § 4 (Supp.1979) (emphasis added).

**13.** *See* Okla.Stat. tit. 46, § 4 (Supp.1986).

*herein shall be construed to impair the right under other law of the mortgagee to obtain the appointment of a receiver or to become a mortgagee in possession nor does this provision determine the priority of a mortgagee to rents and profits from the mortgaged property.* Any mortgagee taking an assignment of rents and profits as described above shall have the obligation to account and pay to the mortgagor regarding any rents and profits actually collected pursuant to such assignment, which are not applied on the indebtedness owing to the mortgagee; however, the mortgagee shall not be deemed to have other fiduciary obligations to the mortgagor resulting from such assignment or be deemed to be in possession of the mortgaged real property, unless the mortgagee also enters into continued physical possession of the mortgaged real property and exercises exclusive operating control of the mortgaged real property.[14]

It is the effect of this statute which is the basis of the arguments in the present case. OTALP argues that possession of the property is necessary before the mortgagee is entitled to the rents and the 1986 amendment does not change Teachers entitlement to the rents held by CCI prior to possession. This argument is based on the premise that Oklahoma continues to be a lien theory state and that, even with an enforceable rent assignment, in a lien theory state entitlement to rents is based on possession.[15] Teachers argues that the 1986 amendment, coupled with the agreement, gives it the right to the rents held by CCI.

The 1979 amendments to section 4 removed the prohibition against rent assignments if the assignment was not conditioned upon the default of the mortgagor and if the assignment provided for the immediate collection of the rents.[16] The amendment further provided that the mortgagee would be accountable to the mortgagor for the rents and profits collected pursuant to the assignment and which are not applied to the debt. However, the assignment would not give rise to any other fiduciary duties, and the mortgagee would not be deemed in possession unless it was in actual physical possession of the property. Under the common law, possession entitled the holder to the rents. Likewise, a mortgagee was entitled to rents only if it had possession. Therefore, it would not be necessary to include in the statute the clause defining possession as actual physical possession unless the Legislature intended that the mortgagee be entitled to rents prior to possession. Further, it would be absurd to condition the enforceability of a rent assignment on the immediate collection of rents if the mortgagee could not collect the rents until it had possession of the property. Through the enactment of the 1979 amendment, the Legislature expressed its intent that the mortgagee be entitled to rents even though it was not in possession of the property.

In 1986, the Legislature amended the statute once again,[17] this time removing the restrictions on rent assignments contained in the 1979 amendment.[18] The 1986 amendment gave the same status to an assignment providing for collection of rent upon default as an assignment providing for immediate collection. The amendment

---

14. *Id.* (emphasis added).

15. OTALP relies on two bankruptcy cases: *Virginia Beach Fed. Sav. & Loan Assoc. v. Wood,* 901 F.2d 849 (10th Cir.1990) and *In re Norman Partners,* 90–146844 Bk–89–4301–LN, Slip op. (Bankr.W.D.Okla. Aug. 9, 1989). *Virginia Beach* involved a pre–1986 mortgage. *Id.* at 851 n. 4. The court did not apply Okla.Stat. tit. 46, § 4 (Supp.1986), the statute applicable to the present case. Both cases involved bankruptcies and determined the priorities among creditors. We are not compelled to follow federal cases interpreting state law. Thus, we reject *In re*

*Norman Partners* to the extent it is inconsistent with the opinion we render today.

16. Okla.Stat. tit. 46, § 4 (Supp.1979).

17. *See* Okla.Stat. tit. 46, § 4 (Supp.1986).

18. Okla.Stat. tit. 46, § 4 (Supp.1986), specifically states that nothing in title 46 or sections 10 and 11 of title 42 shall be construed as preventing the enforcement of rent assignments whether or not the assignment provided for the immediate collection of rents or collection was based on default.

did not alter the mortgagee's right to rents without possession when the assignment provided for the immediate collection of rents. The current section 4 removes the common law prohibition against a mortgagee's entitlements to rents before the appointment of a receiver or before taking actual possession.

The legislative intent to give a mortgagee the right to rents prior to possession is further evidenced in other provisions of the statute. The mortgagee is accountable to the mortgagor for any rents collected pursuant to the assignment which were not applied to the underlying loan, also a duty of a mortgagee who is in possession.[19] If possession were the only means by which a mortgagee could receive rents, this provision would be superfluous. This provision is only necessary if, under a valid rent assignment, the mortgagee is entitled to rents collected prior to possession or the appointment of a receiver. Further, only if the mortgagee "enters into continued physical possession" and "exercises exclusive operating control" of the property does it become a mortgagee in possession. This is a statement of the common law. Only if the Legislature intended for a rent assignment to entitle the mortgagee to the rents prior to possession is this clarification necessary.

Considering the individual provisions and the act as a whole, the Legislature clearly intended to remove the prohibition against rent assignments. In the 1986 amendments, the Legislature expressed its intent that mortgagees should be entitled to rents under valid rent assignments prior to foreclosure or the appointment of a receiver.

We must now examine the present rent assignment. The assignment, executed contemporaneously with the mortgage, provides:

Assignor does hereby SELL, ASSIGN, TRANSFER, SET OVER and DELIVER unto the Assignee, any and all leases covering the real property, and the buildings and improvements thereon ... TOGETHER with the immediate and continuing right to collect and receive all of the rents, income, receipts, revenues, issues and profits now due or which may become due or to which Assignor may now or shall hereafter ... become entitled....

■ Under this provision, Teachers had the immediate right to the rents upon execution of the assignment. OTALP was given a license to collect the rent. The rents were to be held in trust and were to be applied, in order of priority, to the taxes and assessments, to the cost of insurance, maintenance and repairs, to obligations under the leases, and then to the payment of the interest and principal on the note and mortgage.

OTALP argues that because the agreement does not provide for Teachers' immediate possession of the property, there is no indication that the assignment takes effect at any time other than upon default. However, as previously stated, the agreement gave the mortgagee the immediate right to collect the rents.

OTALP also argues that because the agreement provides that the mortgagee would not become a mortgagee in possession until it took physical possession after default, the mortgagee cannot be entitled to rents prior to possession. In other words, OTALP argues that a mortgagee in possession is entitled to collect rents and is accountable for those rents. Therefore, a mortgagee who is not in possession is not entitled to the rents. We cannot accept this premise as a logical conclusion.

■ In addition, OTALP asserts that the trial court erred in ordering the taxes be paid before the rents are turned over to Teachers. The rent assignment required that collected rent first be applied to the payment of taxes. Teachers requested that the rents be turned over to it. The order for the payment of the taxes was within the scope of the issues even though not specifically requested. The court did not err in ordering the payment of the taxes. Further, OTALP, having no right to the rents, was not injured by the order to

**19.** 59 C.J.S. *Mortgages* § 305 (1949).

pay the taxes and, thus, has no right to complain.

By amending section 4, the Legislature enhanced the mortgagee's ability to protect its interest. The Legislature removed the prohibition against the enforcement of rent assignments and mortgagee's entitlement to rents prior to possession. The assignment between the parties gave the appellees an immediate right to the rents. Teachers is entitled to the rents held by CCI, and the trial court is affirmed.

TRIAL COURT AFFIRMED.

LAVENDER, DOOLIN, ALMA WILSON, KAUGER and SUMMERS, JJ., concur.

OPALA, V.C.J., and SIMMS, J., concur in result.

HARGRAVE, C.J., dissents.