**CONAWAY v. THOMAS.**

No. 13225—Opinion Filed April 1, 1924.

(Syllabus.)

1. **Mortgages—Mortgagee in Possession— Liability for Breach of Duty as to Rents.**

A mortgagee in possession is held to the exercise of such care and diligence as a prudent owner in charge of the premises would exercise, and, if he is guilty of willful default or gross negligence in the renting of the property or collecting of rents therefrom, he will be. held accountable for the reasonable rental value of the premises, although he did not actually receive any rent therefrom.

2. **Appeal and Error—Right to Complain— Party Acquiescing in Judgment.**

Parties who fail to appeal are deemed to acquiesce in the judgment below. They cannot be heard, on appeal by others, to complain of errors below, and can demand no relief from the appellate tribunal.

Error from District Court, Tulsa County; Valjean Biddison, Judge.

Action by Melesse Thomas against Loren Conaway. Judgment for plaintiff, and defendant brings error. Affirmed.

Woodson E. Norvell, for plaintiff in error.

R. C. Allen and Robertson, Bailey, Roach & Bailey, for defendant in error.

COCHRAN, J. Melesse Thomas, as plaintiff, brought this action against Loren Conaway, as defendant, for the purpose of canceling a certain warranty deed and a quitclaim deed, which she had executed to the defendant. She alleged that such conveyances were, in legal effect and contemplation of the parties, a mortgage upon the real estate therein described. She further asked for an accounting for the rents collected on the property covered by said conveyances, during the period of time the same were in the possession of the defendant. The warranty deed covered certain property in the city of Tulsa, and also forty acres of farm land. The quitclaim deed covered the farm land, but did not cover the city property. Judgment was rendered holding the warranty deed to be a mortgage and canceling the same, but judgment was rendered holding that the quitclaim deed was intended as an absolute conveyance and vesting title in the farm land in the defendant. The court credited the amount of the purchase price of the farm land and the reasonable rental value of the city property on the indebtedness of the plaintiff to the defendant and found that the plaintiff was entitled to judgment for $32.18 against the defendant in addition to the cancellation of the deed to the city property. The defendant has appealed from the judgment so rendered and complains of the action of the trial court in charging the defendant with rent on the Tulsa property which was not actually received by him. It appears that the court charged the defendant with the reasonable rental value of the Tulsa property during the entire time the same was in his possession, although he did not actually receive the rent therefrom for a considerable portion of time. The general rule in this regard is stated in Jones on Mortgages (7th Ed.) 1123, as follows:

"As a general rule the mortgagee in possession is held to the exercise of such care and diligence as a prudent owner in charge of the property would exercise, but he will not be held accountable for anything more than actual rents and profits received, unless there has been willful default or gross negligence on his part."

The defendant contends that the evidence is not sufficient to show that he was guilty of willful default or gross negligence in the matter of collecting the rents on this property. It is our opinion that the evidence is sufficient to justify the conclusion that the defendant was guilty of gross neglect in that

regard. The defendant testified that he sold the property to a man by the name of Thomas, who remained in possession of the property for several years, and paid no part of the consideration and no rent during that time, and that he regained possession of the property only after he had brought a suit to recover possession thereof, and after much delay in getting the case to trial. The testimony of the plaintiff was to the effect that, while the defendant had charge of the property for the purpose of renting it for her, he sold it to Thomas, without her knowledge or consent, and, in view of that testimony, we are of the opinion that he was guilty of gross negligence in the handling of the property which had been intrusted to him by the plaintiff.

The plaintiff, in her brief, asks for a modification of the judgment of the trial court so as to cancel the quitclaim deed covering the farm land. No cross-petition in error was filed by the plaintiff, and she will not be heard to complain of the judgment on this appeal, which was prosecuted by the defendant. In Van Arsdale & Osborne v. School District No. 35, 23 Okla. 894. 101 Pac. 1121, it was said:

"Parties who fail to appeal are deemed to acquiesce in the judgment below. They cannot be heard, on appeal by others, to complain of errors below, and can demand no relief from the appellate tribunal."

The judgment of the trial court is affirmed.

JOHNSON, C. J., and NICHOLSON, HARRISON, and MASON, JJ., concur.