## FIRST NAT. BANK v. CURRIE.

No. 13370—Opinion Filed Dec. 23, 1924.

Mortgages—Mortgagee in Possession — Liability for Negligence in Collecting Rents.

Where a bank, mortgagee in possession and holding an assignment of the rents to be collected and applied upon the indebtedness, collects a sufficient amount of the rents which, together with other collections, is sufficient to settle the indebtedness, but, by willful default and gross negligence on the part of the bank, a large part of the rents are not collected but lost to the mortgagor, the bank will be held to account for the rents not collected.

(Syllabus by Ray, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Murray County; W. L. Eagleton, Judge.

Action by J. O. Currie against First National Bank of Davis. Judgment for plaintiff, and defendant appeals. Affirmed.

Young, Haste & Powell, for plaintiff in error.

J. T. McIntosh, for defendant in error.

Opinion by RAY, C. October 13, 1917,

J. O. Currie borrowed from the First National Bank of Davis $4,000, and executed his note for that amount secured by chattel mortgage on a number of automobiles. Thereafter certain payments were made until on the 20th day of August. 1918, there was due on the note $1,900, and Currie and his wife executed to the bank their mortgage on 200 acres of land in Garvin county, subject to a prior mortgage in the sum of $4,500. April 15, 1919, Currie and his wife executed to the bank their warranty deed for the land, subject to the $4,500 mortgage, to be held by the bank as security for the payment of the balance due on the note and other indebtedness due or to become due to the bank. At the same time they authorized the bank, by assignment, to collect the rent on the 200 acres of land for the year 1919 and apply it upon the indebtedness. The land was being cultivated by one Carter, a tenant of Currie. The bank collected as rental from Currie $359.14. In December, 1919. Currie sold the 200 acres of land for $8,000, subject to the $4,500 mortgage, and the bank executed its deed and collected $2,750 of the purchase price. Subsequent to the execution of the real estate mortgage to the bank Currie executed two other notes to the bank, one of $70 and one of $168. The bank had paid out certain sums of money, either at the request of Currie or for its own protection, consisting of interest paid on the $4,500 mortgage, taxes, expenses of recording the various instruments, and expenses in looking after the rent. Sometime after the sale of the land and the receipt by the bank of the $2,750, the bank mailed to Currie a draft for $479.78. Sometime thereafter Currie commenced this suit against the bank, alleging that his indebtedness to the bank was paid, and that the bank had failed and refused to satisfy the mortgages of record, or to render an accounting, and prayed for an accounting and for judgment for whatever sum an accounting showed to be due. It was alleged that the defendant had collected as rent on the 200 acres of land during the year 1919, $398, and had failed, refused and neglected to collect the remainder of the rent amounting to $600, to his damage in that sum.

Defendant answered by general denial, followed by certain admissions in which the entire transaction was set out in detail, and alleged that Currie was indebted to the bank in the sum of $46.58, for which it prayed judgment. At the close of defendant's evidence, by leave of court, the answer was amended to conform to defendant's evidence so as to allege that Currie was indebted to the bank in the sum of $290.84.

By order of the court, and instructions to the jury, all questions as to the failure of the bank to release the mortgage and damage for such failure were eliminated from the case. The verdict was for the plaintiff in the sum of $500, upon which judgment was entered. The bank has appealed.

It is contended that the court erred in overruling defendant's special demurrer to plaintiff's petition. The demurrer was overruled more than 6 months before the petition in error was filed in this court, and the question was not presented to the trial court in the motion for new trial. The question is, therefore, not here for consideration. However, the demurrer was properly overruled. It is argued in the brief that the court erred in overruling the defendant's demurrer to plaintiff's evidence, but it is not made to appear from the record that a demurrer to the evidence was presented or considered by the trial court.

The only question for consideration is as to the sufficiency of the evidence to sustain the verdict and judgment. It is contended by the bank that this is an equitable action and that the verdict of the jury was merely advisory. Without deciding that question, we will adopt that view.

The evidence shows that the various items claimed to have been paid out by the bank incident to the execution and recording of the mortgage, take-off sheets showing title to the land, taxes, interest on the prior mortgage. expenses for repairs and transporting an automobile, were properly chargeable against the plaintiff. The only item claimed not clearly sustained by the evidence is the $290.84 claimed to have been returned to the plaintiff in excess of the amount due him. The testimony of the cashier of the bank, who had charge of all the transactions for the bank, is not very convincing. After the account had been balanced a draft of $479.78 was sent to the plaintiff. After this suit was filed an error was discovered of $46.58 and judgment was asked against the plaintiff for that amount. The other error was discovered during the trial and developed by the cashier's testimony. The evidence is not sufficiently clear to say that the error was established. Conceding, however, that the bank returned to the plaintiff $290.84 in excess of the amount its books showed due him, still the judgment must be affirmed because of the negligence of the bank in failing or refusing to collect the rent

on the 200 acres of land. It is contended on the part of the bank that it can be held to account only for the amount of the rent actually collected, and that an accounting for the rent not collected cannot be had in this action. That question was decided otherwise by this court in the similar case of Conaway v. Thomas, 101 Okla. 227, 224 Pac. 965. Justice Cochran quoted with approval the following language from Jones on Mortgages (7th Ed.) 1123, and adopted it as the syllabus of the case:

"A mortgagee in possession is held to the exercise of such care and diligence as a prudent owner in charge of the premises would exercise, and, if he is guilty of willful default or gross negligence in the renting of the property or collecting of rents therefrom, he will be held accountable for the reasonable rental value of the premises, although he did not actually receive any rent therefrom."

As to the assignment of the rents to be applied on plaintiff's indebtedness to the bank, there is no conflict of evidence. The undisputed evidence is that the tenant was notified by the bank to pay all the rentals to the bank and to no one else. The only effort put forward to collect the rents was by writing letters to the tenant and one trip made by an official of the bank before the rents were due. The only rental received by the bank was cotton checks either brought or sent to the bank by the tenant, amounting to $359.14. The evidence is undisputed that there were 19 bales of cotton, of the approximate value of 40c per pound, 2 tons of broom corn, worth from $100 to $160 per ton. and approximately 800 bushels of oats worth 81c a bushel, delivered on the market. Plaintiff was entitled to one-fourth of the cotton and one-third of the oats and broom corn. At the lowest value placed upon either of the products by any witness, plaintiff's rental, which should have been collected, amounted to more than $1,000. There is no contention that the plaintiff collected any rental from the farm for that year. Plaintiff's testimony was undisputed that he had insisted upon the bank collecting the rents and that after the account at the bank was balanced he asked them to release, or return to him, the assignment, which was not done.

Gross negligence is defined by section 3533, Comp. Stat. 1921, as "the want of slight care and diligence." Slight care or diligence is defined by section 3531, Comp. Stat. 1921, as such care or diligence "as persons of ordinary prudence usually exercise about their own affairs of slight import-

ance." Considering these two definitions together, and applying them to the facts of this case, what conclusion can be reached? Here is a bank as mortgagee in possession of real estate of its debtor, and in possession of an assignment of the rents to be collected and applied upon the indebtedness. By writing letters the tenant is induced to account for a sufficient amount of the rents which, together with other collateral, is sufficient to satisfy the indebtedness, but, by its failure to put forth the effort to collect all the rents due, as a bank ordinarily does in the collection of even small accounts due it, a large portion of the rents due are not collected but lost to the mortgagor. We think it was a failure to exercise that care and diligence banks ordinarily exercise in their own affairs of slight importance, and constituted gross negligence. The conclusion is irresistible that the bank felt secure and therefore did not put forth the proper effort to collect the rents and did not afford plaintiff an opportunity to collect them. We think the loss to plaintiff of the rental of more than $1,000 was caused by gross negligence and willful default upon the part of the bank.

The judgment should be affirmed.

By the Court: It is so ordered.