## GOLDBERG et al. v. WILCOX et al.

No. 17038. Opinion Filed Nov. 1, 1927.

(Syllabus.)

1. Appeal and Error—Cure of Error—Error in Overruling Demurrer to Petition Cured by Eliminating Issues upon Demurrer to Evidence.

Where a petition containing several causes of action is challenged by demurrer, on the ground of misjoinder of causes of action, and the demurrer is overruled, and defendant answers by general denial and counterclaim, and upon trial to a jury, at the close of plaintiff's evidence in chief. a demurrer to the evidence is sustained as to all of the causes of action in the petition, except one, and all the evidence by which plaintiff sought to establish the causes of action the demurrer to which had been sustained is withdrawn from the jury, and the case is submitted to the jury on the one remaining cause of action in the petition and the counterclaim in the answer, error, if any, in

overruling the demurrer to the petition is cured.

## 2. Evidence—Expert Testimony Unnecessary to Prove Value of Farm Property.

The question of opinion evidence as to the value of farm property does not ordinarily involve a question of science or skill upon which only an expert possessed of technical training can speak. But, ordinarily, where the value of farming lands is an issue, intelligent persons living in the vicinity of the property involved, who are acquainted with the market value of similar property in the locality, and of the particular property in question may give their opinion as to its value. (Wichita Falls & N. W. Ry. Co. v. McAlary, 44 Okla. 326, 144 Pac. 583.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Washington County; H. C. Farrell, Judge.

Action by Chris Wilcox et al. against S. T. Goldberg et al. for damages. Judgment for plaintiffs, and defendants appeal. Affirmed.

S. T. Goldberg, Shipman & Lewis, Samuel A. Boorstin, and Floyd E. Staley, for plaintiffs in error.

H. H. Montgomery and M. D. Kirk, for defendants in error.

DIFFENDAFFER, C. This is an action brought by defendants in error, hereinafter referred to as plaintiffs, against plaintiffs in error, hereinafter referred to as defendants, for the cancellation of certain oil and gas mining leases covering land owned by plaintiffs, for damages for failure to operate and care for oil wells thereon in a proper and workmanlike manner, thereby depriving plaintiffs of their royalties, which would have come to them from the oil that could have been produced from the wells had they been properly operated and cared for; and for damages for negligently, wrongfully and willfully allowing oil, waste matter, and salt water to flow from the wells located on said lands over and across the orchard and cultivated land of plaintiffs, by which part of plaintiffs' land was destroyed and rendered useless, by which fruit and forest trees were killed, and by which the stock water on plaintiffs' land was polluted.

The petition of plaintiffs, as amended, contained three causes of action, the first being for failure to operate and care for the oil wells in a proper manner, by which plaintiffs alleged they were deprived of the royalties that might have been derived from the oil that could be produced from said lands, by reason of which cancellation of the leases was sought; the second being for damages for loss of past royalties, occasioned by failure to properly operate and care for the wells; and the third being for damages to the land, by reason of defendants allowing crude oil, refuse, and salt water to flow from the wells over and across the land.

Defendants demurred to each cause of action separately, and to the amended petition as a whole. the grounds of demurrer to the petition as a whole being that the amended petition as a whole does not state facts sufficient to constitute a cause of action in favor of the plaintiffs or either of them as against the defendants or either of them; and second, that several causes of action are improperly joined in said amended petition.

The demurrer was overruled, and defendants answered; admitted that they were owners of the oil and gas leases, denied that plaintiffs were the owners of the land, and alleged that plaintiff Chris Wilcox was the sole owner thereof, and denied generally all the other allegations of plaintiffs' amended petition, and also filed a counterclaim, in which they alleged that, while they had been operating the lands and premises under said leases, they had been compelled to purchase gas for the purpose of operating their power which pumped the wells located on said lands, and that during that time plaintiff Chris Wilcox, without right or authority, had connected with defendants' gas lines and consumed large quantities of gas for which defendants had been compelled to pay in the amount of $150, and for which plaintiff Chris Wilcox had agreed to pay, but which he had failed to do, and further alleged that Wilcox had, without authority or right, taken possession of and converted to his own use a certain unused frame corrugated iron power house, of the value of $500, belonging to defendants, and prayed that plaintiffs' petition be dismissed, and that defendants have judgment against plaintiffs on their counterclaim in the sum of $650.

The case was tried to a jury, and at the close of plaintiffs' evidence in chief defendants demurred thereto as to the first and second causes of action. These demurrers were sustained by the court. Defendants then introduced their evidence as against plaintiffs' third cause of action and in support of their counterclaim. Plaintiffs offered their evidence in rebuttal.

The case was submitted to the jury on the issues joined on plaintiffs' third cause

of action, and defendants' counterclaim. A verdict was returned in favor of plaintiffs, fixing the amount of their recovery at $825, less $25 for garage. Upon this verdict, judgment was entered in favor of plaintiffs for $800, from which judgment defendants appeal.

Defendants assign five specifications of error, and argue them under two propositions: First, that the court erred in overruling the demurrer to the amended petition; and second, error in admitting certain evidence over the objection of defendants.

The only question raised under the first proposition is, that there was an improper joinder of causes of action. Defendants contend that:

"A cause of action for the cancellation of an oil and gas lease for nondevelopment; a cause of action for oil royalties which would have been received had the property been properly developed; and a cause of action for damage to land by the escape of salt water, crude oil and oil refuse may not be joined together in one petition where the causes of action do not arise out of the same transaction, or are not connected with the same subject of action."

Defendants cite Stone v. Case, 34 Okla. 5. 124 Pac. 960, as authority for their position. In discussing the question as to what causes of action may be united in the same petition under the provisions of section 5623, Comp. Laws of 1909, section 266, C. O. S. 1921, which provides that several causes of action may be united in the same petition, where they arise out of the same transaction, or transactions connected with the same subject of action, the court said:

"In section 5623 of the statute (Comp. Laws 1909), which provides that several causes of action may be united in the same petition, where they arise out of the same transaction, or transactions connected with the same subject of action, the term 'cause of action' means a redressible wrong. Its elements being the wrong and the relief provided. The 'subject of action' is a primary right and its infringement. The term 'transaction' is used in the first clause with reference to, and expressive of, all the acts, or groups of related acts, which go to make up one entire project, system, or deal, referred to as a 'transaction,' and in the latter clause it is used to include and encompass only such acts, or groups of acts, as in themselves constitute separate, redressible wrongs; and such wrongs (transactions) are connected with the same 'subject of action,' whenever they affect, grow out of, or constitute separate infringements of, the same primary rights."

Defendants contend that the right to have proper development, coupled with the failure to properly develop, became the "subject of action," that is, "primarily right and its infringement," constituting the redressible wrong pleaded in the first cause of action, and that the right to have the development so done as not to injure plaintiffs' land, coupled with the alleged acts, the doing of which injured plaintiffs' land, became the "subject of action," that is, "primary right and its infringements," redressible wrong," set out in the third cause of action.

It is asserted that these are separate and distinct primary rights, each alleged to have been violated by separate and distinct wrongful acts, and therefore the two causes of action were improperly joined, and that the court erred in overruling the demurrer.

To this contention, plaintiffs reply with two propositions: First, that there was no misjoinder; and second, conceding there was a misjoinder, the error of the court in overruling the demurrer was cured or became harmless, when the court sustained the demurrer to plaintiffs' evidence as to the first and second causes of action, and withdrew the same from the consideration of the jury.

If the latter proposition is sound, it will not be necessary to decide the question as to whether or not there was a misjoinder of causes of action. If there was a misjoinder of causes of action, it was error to overrule the demurrer. But we think when the court sustained the demurrer to plaintiffs' evidence as to the first and second causes of action, and withdrew the same from the consideration of the jury, the error, if any, in overruling the demurrer to the petition, was cured.

Defendants in their reply brief do not seriously content that this would not be true, if the court by its instruction did withdraw from the jury the evidence offered by plaintiffs under both the first and second causes of action. They contend that the court by its instructions withdrew from the consideration of the jury only the evidence with reference to the second cause of action, leaving for their consideration the evidence admitted under the first cause of action. To sustain this contention, defendants cite the first instruction, which is as follows:

"Certain evidence has been permitted to go before you concerning alleged failure on part of the defendants to properly operate the oil wells upon the property in question so as to produce their full capacity of oil,

resulting in loss of royalties to the plaintiffs. You are instructed that the court has sustained a demurrer to the plaintiffs' evidence on these issues, and this evidence is therefore withdrawn from your consideration."

We cannot agree with defendants' contention in this regard. The court in its statement of the issues told the jury that the issues before them and for their consideration were the alleged negligent acts of defendants in permitting crude oil and salt water to run over plaintiffs' land, alleged to have resulted in destroying certain portions thereof, destroying certain fruit trees and polluting and ruining the stock water in the stream on plaintiffs' land and the alleged acts of plaintiffs in using certain gas which defendants had been compelled to pay for, and the alleged conversion by plaintiffs of defendants' corrugated iron house.

The prayer of plaintiffs, as to the first cause of action, was for the cancellation of the lease, but the grounds upon which they relied therefor were the failure to properly operate and equip the wells drilled on the land, and the resulting loss of royalties to plaintiffs.

The second cause of action is for damages for the loss of royalties, so that when the court in the instruction quoted told the jury that the evidence concerning alleged failure of defendants to properly operate the wells upon the property in question so as to produce their full capacity of oil, resulting in loss of royalties to the plaintiffs, was withdrawn from their consideration, it applied alike to the first and second causes of action.

We think the jury could not have understood it otherwise. The defendants must have so understood it, since they did not offer any more definite instruction on this point, and the jury must have so understood it, since they returned a verdict apparently based wholly on the third cause of action of plaintiffs, and the counterclaim of defendants.

We think, conceding (but not deciding) that there was a misjoinder of causes of action, that the error in overruling the demurrer to the amended petition was fully cured, and that defendants obtained more thereby than they might have obtained had the court sustained the demurrer, since it would have been the duty of the court had he sustained the demurrer to allow plaintiffs to file separate petitions, had they requested permission so to do.

Defendants, under their second proposition, contend that all the evidence introduced by plaintiffs to prove the value of the land was incompetent, for the reason that none of the witnesses were qualified to testify as to such value. With this contention, we cannot agree.

The witnesses, whose evidence is challenged, testified that they had lived in the vicinity of the land for a number of years. One testified that he had lived in the county 40 years, and in the immediate vicinity of the land four years; one had lived in the immediate vicinity 12 years; one eight years; one 21 years. All were farmers, all testified that they were farmers, and knew the land in controversy and its value.

We have carefully examined the record and do not find a single instance where defendants objected to the evidence of these witnesses on the grounds that they were not properly qualified. We have also carefully examined defendants' brief and reply brief, and have not found where they have pointed out an objection to the evidence of any of these witnesses on that ground. A number of times, defendants objected to the evidence of these witnesses as to the value of the land, but in each instance the objection was that the evidence sought was incompetent, irrelevant, and immaterial, and not the correct basis of reckoning the damages claimed. We think, however, the witnesses were qualified under the rule in Wichita Falls & N. W. Ry. Co. v. McAlary, 44 Okla. 326, 144 Pac. 583, followed in Incorporated Town of Sallisaw v. Priest, 61 Okla. 9, 159 Pac. 1093, where the court said:

"The question of opinion evidence as to the value of farm property does not ordinarily involve a question of science or skill upon which only an expert possessed of technical training can speak. But, ordinarily, where the value of farming lands is an issue, intelligent persons living in the vicinity of the property involved, who are acquainted with the market value of similar property in the locality, and of the particular property in question, may give their opinion as to its value."

These being the only questions raised by defendants in their brief, and there being no substantial error, the judgment should be affirmed.

BENNETT, HALL, HERR, and JEFFREY, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 935, §2909 (Anno). (2) 22 C. J. p. 587, §686; 11 R. C. L. p. 638; 2 R. C. L. Supp. p. 1293; 5 R. C. L. Supp. p. 613.