BROWN et al. v. LESLIE, Rec.

No. 29612. Oct. 7, 1941.

Rehearing Denied Nov. 17, 1942. Application for Leave to File Second Petition for Rehearing Denied Jan. 26, 1943.

*133 P. 2d 551.*

Kenneth B. Kinzle, of Shawnee, and M. L. Thompson, of Wewoka, for plaintiffs in error.

G. C. Abernathy and Kenneth Abernathy, both of Shawnee, for defendant in error.

BAYLESS, J. Silvia Brown et al. appeal from a judgment of the district court of Pottawatomie county in favor of Glen E. Leslie, receiver of the State National Bank of Shawnee, finding the amount of debt due, establishing a mortgage lien and ordering other incidental relief.

This case has been here twice before. The first judgment ordered the sale of the mortgaged real estate without appraisement. We ordered this judgment vacated (Brown v. State Nat. Bank, 133 Okla. 173, 271 P. 833), and from the record and briefs before us now it appears that the entire judgment was vacated and the matter then stood for trial as though no judgment had been rendered. Nothing further was done in that action until the steps from which the present appeal arises were begun in 1938, and during virtually all of that time bank was in possession as mortgagee. In the meantime, Silvia Brown et al. instituted an independent action against bank to quiet title and for ejectment, which action resulted in judgment in favor of bank denying Silvia Brown et al. any relief and quieting title to the mortgaged premises in favor of bank. This judgment was reversed by this court in Brown v. State Nat. Bank, 167 Okla. 366, 29 P. 955.

In December, 1938, Leslie, who in the meantime had been appointed receiver for bank, filed an amended petition wherein he sought: (1) to determine the amount of the debt due; (2) to establish a first mortgage lien to secure the debt; (3) to determine heirship with respect to certain defendants who had died during the pendency of the action; (4) to foreclose the mortgage; and (5) for other appropriate relief. Silvia Brown et al. eventually answered setting up several defenses, the only ones of which are necessary to be noticed being (1) statute of limitation; (2) lack of jurisdiction of the trial court of the persons or subject matter; (3) payment; and (4) asking that an accounting for the amount of rents received and money received by bank from the sale of mineral interests and oil and gas leases, which, it was alleged, amounted to enough to satisfy the debt. As stated, on trial judgment was rendered for bank generally and denying the defenses.

The contentions of Brown et al. respecting the statute of limitations and the loss of rights by the bank during the

passing of the years, and the right to revivor, are disposed of by the opinion in 167 Okla., and need not be noticed here.

We are of the opinion the judgment must be reversed and a new trial ordered. It is admitted by all parties that bank was in possession of this real estate during the many years since the institution of this action, although it seems some of defendants undertook to interfere therewith and to repossess the land. During such time as bank had possession it was a mortgagee in possession. Its duty toward the makers of the notes and mortgage was that of trustee. It was the bank's duty to handle the property to the advantage of the makers. The bank was bound to account for all it received, and if this sufficed to satisfy all of its claim, the notes should be marked paid and the mortgage released. 19 R.C.L. 334, § 108; 41 C. J. 630, § 606; Gillett v. Romig, 17 Okla. 324, 87 P. 325; Harding v. Garber, 20 Okla. 11, 93 P. 539; Conaway v. Thomas, 101 Okla. 227, 224 P. 965; First Nat. Bank v. Currie, 105 Okla. 175, 232 P. 94. The defendants made this an issue by their answer. It is clear from bank's evidence it received money from sale of royalty before its sheriff's deed was canceled and money from oil and gas leases. When defendants sought to elicit information from bank on this point, the trial court sustained bank's objection thereto. This was erroneous in any view of the matter. It was not a purely defensive matter; the bank owed the positive duty to make the showing; it went to the correctness of the amount claimed and testified to be due. 1 C.J.S. 677, § 39; 46 A.L.R. 138; 79 A.L.R. 201; 91 A.L.R. 1229, and Tiffany, Law on Real Property (3d Ed.) vol. 5, p. 319, § 1419, and especially notes 31 and 32. Some showing was made by bank as to the rental value, but we cannot find that any allowance was made therefor. The bank also paid taxes and should have credit.

The bank states in its brief the reasons which it says support the order of the trial judge in excluding the evidence sought to be elicited from the receiver as to the amount of money the bank had received. In substance, it says (1) since the title of the bank based on the sheriff's deed later ordered canceled by this court was, in effect, no title, (2) the bank could not pass title to the purchasers of the mineral interests and the oil and gas leases; (3) that since the bank did not convey effectual title to the interests attempted to be conveyed the Browns were not hurt; but the purchasers of the supposed interests were the ones hurt; and, consequently, the Browns could not be heard to ask for an accounting for money wrongfully received by the bank. In other words, the bank says for these reasons the ruling was correct.

We think these reasons do not support the ruling. The duty of the bank as trustee for the mortgagor's interests is overlooked. It does not take into account that the mortgagor, or his heirs, could ratify the unauthorized sale of interests in the land and might be estopped to question the validity of the sales by asking the bank to account for the money received. 2 C. J. 516, § 135, post and et seq., 2 C.J.S. 1116, § 55, citing L.R.A. 1917D, 697; and Am. Jur. 180, § 226, and annotation.

The matter may be retried, and other issues argued here may not recur. We do not discuss them.

The judgment is reversed, and the cause is remanded for further proceedings not inconsistent with the views herein stated.

RILEY, OSBORN, GIBSON, HURST, DAVISON, and ARNOLD, JJ., concur. WELCH, C. J., absent. CORN, V. C. J., dissents.

On second petition for rehearing.

PER CURIAM. On rehearing the defendant in error urges the lack of jurisdiction. An examination of the record convinces us that there is no merit in this contention.

Second petition for rehearing denied.

CORN, C.J., and RILEY, OSBORN, BAYLESS, WELCH, HURST, DAVISON, and ARNOLD, JJ., concur. GIBSON, V.C.J., absent.