HEARN et ux. v. YODER.

No. 31185. Dec. 14, 1943.

*143 P. 2d 1009.*

354

John T. Levergood, of Shawnee, for plaintiffs in error.

Kenneth B. Kienzle and Reily & Reily, all of Shawnee, for defendant in error.

HURST, J. Plaintiff, W. W. Yoder, sued to quiet title to certain lots in the city of Shawnee, basing his claim of ownership upon a county commissioners' deed. The county had previously acquired title to the property at a tax resale. The defendants, in their answer, alleged that they were the owners of the property; that in 1930 they mortgaged the same to plaintiff to secure an indebtedness of $1,100; that at the same time and for the same consideration the parties orally agreed that plaintiff should take possession and control of the property, receive the rents and profits therefrom, pay the taxes thereon as they became due, and apply the balance on the mortgage indebtedness until such time as the same should be paid; that under said agreement plaintiff took possession and collected in excess of $4,000 in income from the property, which was more than enough to pay in full all the taxes, the expense of upkeep, and the mortgage indebtedness; that in violation of his agreement plaintiff had permitted the property to sell for taxes, and had subsequently acquired the same from the county, the purchaser at the tax resale. Defendants prayed for an accounting, that the plaintiff be decreed to hold the title thus acquired in trust for their benefit, and that title to the property be quieted in them, and that they be awarded possession of the same. They alleged their willingness to pay plaintiff such sum, if any, as may be found due on the accounting.

The plaintiff filed a motion to require the defendants to tender into court the amount of taxes, penalties, interest, and costs delinquent on the mortgaged premises at the time of the resale. This motion was sustained. Upon defendants'

refusal to comply with the order, the court struck their answer from the files and dismissed their claim for affirmative relief. Defendants appeal.

1. The plaintiff has moved to dismiss the appeal on the ground that the appeal is by transcript and the certificate of the clerk attached thereto fails to recite that it contains a full, true, and complete copy of all pleadings and orders which were properly a part of the record. While the record to which the petition in error is attached is denominated a "transcript" and referred to therein as such, it is in reality a case-made. It contains the last amended petition, the answer thereto, the motion to require the tender, a minute sustaining the motion and the order dismissing defendants' claim, which was in effect a cross-petition. The court set the time within which defendants were to serve the "transcript" on plaintiff and within which he might suggest amendments thereto. Plaintiff's counsel accepted service thereof, waived the right to suggest amendments, stipulated that that same contained " all the record made and all of the pleadings filed" pertaining to the motion to require defendants to tender the taxes, and agreed that the court might settle the same without notice. The court settled the same, certifying that it contained a "full, true and correct copy and transcript of all the pleadings and record pertaining to the sustaining of the motion to require defendants to make a tender." It will thus be seen that the proceedings had were sufficient to constitute an appeal by case-made. It makes no difference that the parties erroneously referred to it as a transcript, or that the parties thought they were appealing by that method. In several cases we have held that where a case-made was so defective to be void as such, we may consider it as a transcript, if it contains all the requisites of a valid transcript and the error was such that it could be thus presented. Pure Oil Co. v. Quarles, 183 Okla. 418, 82 P. 2d 970; Mitchell v. White, 106 Okla. 218, 233 P. 746; Board of Com'rs of Logan Co. v. Harvey, 5 Okla. 468, 49 P. 1006. We shall now ap-

ply the converse of that rule. We, therefore, decline to dismiss the appeal.

2. On the merits, the sole question presented is whether, under the allegations of the answer, the court erred in holding applicable the statutes (68 O. S. 1941 §§ 360, 453, 455) which require litigants to tender all taxes, interest, penalty, and costs due as a condition precedent to the prosecution or defense of a suit to quiet title or for possession under a tax deed.

It is settled by our prior decisions, and by the weight of authority generally, that a mortgagee in possession of the mortgaged premises with the consent of the mortgagor in effect holds the same as a trustee for the benefit of the mortgagor, and that he is bound to exercise the same care in regard thereto that a reasonably prudent person would exercise in regard to his own property (Brown v. Leslie, 192 Okla. 43, 133 P. 2d 551; Harding v. Garber, 20 Okla. 11, 93 P. 539; 19 R. C. L. 333-339; 41 C. J. 630, § 606), and that he may not acquire a tax title to the mortgaged premises which will cut off the rights of the mortgagor, for to allow him to do so would be to allow him to take advantage of his own default. Jones on Mortgages (8th Ed.) § 882; 19 R. C. L. 397, § 174; 37 Am. Jur. 416, 417 § 1163; L. R. A. 1917D, 523, Annotation. See, also, 61 C. J. 1200-1205. And if the mortgagee does acquire a tax title when the land is sold as a result of his omission to make such payment, the purchase will, as between the mortgagor and mortgagee, amount merely to a payment of the taxes. L. R. A. 1917D, 524, Annotation; 26 R. C. L. 412. Under such circumstances some courts regard the mortgagee as holding the title thus acquired in trust for the benefit of the mortgagor. Jones on Mortgages (8th Ed.) vol. 2, p. 212.

It will thus be seen that the defendants, by their answer, did not seek to "invalidate," "set aside," or "avoid" the tax deed, as those terms are used in our tender statutes, above, but sought rather to impress a trust upon the title thus acquired by plaintiff, and to have it judicially declared that as to them the acquisition of the tax title amounted only to a payment of the taxes. We are of the opinion that under such circumstances the tender statutes do not apply. Assuming the allegations of the answer to be true, which we must do for the purpose of this opinion, the obligation which plaintiff had discharged was not that of defendants, but his own. According to such allegations he had collected more than enough rent from the mortgaged premises to pay all the taxes, the expense of upkeep of the mortgaged premises and the mortgage debt, and he was not entitled to reimbursement whether defendants won or lost. Obviously, in such a case a tender is not required. Of course, if it should be determined in the course of the trial that the allegations of the answer which obviate the necessity of a tender are untrue, the court should then require compliance with the tender statutes before entry of judgment for the defendants on any other theory. See Meriwether v. Bowling, 184 Okla. 1, 84 P. 2d 1.

While the question is one of first impression in this jurisdiction, our decision is in accord with the decision of the Supreme Court of the United States, in refusing to require a tender in an analogous situation, in Mendenhall v. Hall, 134 U. S. 559, 33 L. Ed. 1012, 10 S. Ct. 616. See, also, Fuller et al. v. Edens, 70 W. Va. 248, 73 S. E. 821, Ann. Cases 1913 E, 544.

The judgment is reversed for further proceedings not inconsistent with the views herein expressed.

CORN, C. J., GIBSON, V.C.J., and RILEY, OSBORN, BAYLESS, WELCH, DAVISON, and ARNOLD, JJ., concur.