MORGAN v. ATKINSON et al.

No. 34120.    May 23, 1950.

*218 P. 2d 1049.*

Hollis Arnett, of Mangum, for plaintiff in error.

Herman S. Davis, of Mangum, for defendants in error.

JOHNSON, J.  Suit was commenced by plaintiff to foreclose a real estate mortgage on a church building.  Judgment was rendered for the plaintiff. After judgment was rendered, plaintiff asked for a receiver.  Defendant objected to the appointment of a receiver. No action is shown on this application.

Plaintiff appeals in so far as the judgment allowed a certain set-off to the defendants. Defendants had filed a set-off and counterclaim embracing items for certain personal property appropriated by the plaintiff and for the rental value from April 7, 1947.

Plaintiff had obtained possession of the premises under the following circumstances: There had been a division among the members of the church. A group represented by the plaintiff and his son-in-law executed a deed to the plaintiff. Plaintiff took possession of the property April 7, 1947, and it is shown that sometime thereafter action to quiet title based on said deed was filed, but no judgment was ever entered quieting title to the premises. Plaintiff kept possession of the building and refused to allow the defendants to hold any meetings therein. Plaintiff placed a padlock on the door to the church when a member of the church refused to deliver plaintiff the key to the front door. Since April 7, 1947, defendants have not been permitted to use the building.

The judgment for foreclosure includes an allowance to the defendants of a set-off for $360, rentals allowed for the possession of the premises by plaintiff The appeal involves this $360.

In his first proposition plaintiff states that the evidence is wholly insufficient to authorize the court to set off a reasonable rental value for the premises from April 7, 1947. Plaintiff cites 41 C. J. 630, and Conaway v. Thomas, 101 Okla. 227, 224 P. 965. We think the plaintiff mistakes the rule by assuming that there was a voluntary peaceable possession of the premises obtained by plaintiff and that therefore he is in rightful possession of the premises. There is no evidence to the effect that plaintiff is rightfully in possession. He took possession under a deed never established to be valid and did not thereafter obtain the consent of defendants to occupancy of the premises. By this action to foreclose the mortgage he acknowledged the right of mortgagor

to possession in the absence of a showing that he has possession by consent of the mortgagor. Kaylor v. Kaylor, 172 Okla. 535, 45 P. 2d 743. The evidence fails to show that defendants consented to possession by plaintiff.

Plaintiff therefore is wrongfully in possession of the premises and liable for the rental value. 36 Am. Jur. 821; 41 C. J. 630, 631; Plains Loan, Realty & Inv. Co. v. Hood, 76 Colo. 322, 230 P. 1008; Yingling v. Redwine, 12 Okla. 64, 69 P. 810; Hart v. Bingman, 171 Okla. 429, 43 P. 2d 447. In Hart v. Bingman, supra, we said:

"In this state a real estate mortgage is only a lien upon the property, subject to foreclosure by appropriate procedure, and the right to possession of the premises is dependent wholly upon the termination of a foreclosure action, except as to the statutory and equitable powers relating to the appointment of a receiver. . . ."

In Plains Loan, Realty & Inv. Co. v. Hood, supra, it is stated:

"In action against mortgagee wrongfully taking possession for rental value of land during a certain year, cash rental value was a proper measure of damages, but where no lands in the county were rented for cash during that year, it was proper to admit testimony of witnesses who knew value of the land, and who declared they knew its rental value."

There was no error in holding plaintiff liable for the rental value of the premises from April 7, 1947.

It is next argued that there is no evidence of the rental value of the premises. Witness Dutton testified that he lived in the community and was fairly acquainted with the rental value of the property in that community; that a reasonable rental value would be from $25 to $35 per month. Plaintiff testified that the building could not be rented and offered no evidence of the rental value.

We think there was no error in holding that there was sufficient evidence

of the rental value. Plains Loan, Realty & Inv. Co. v. Hood, supra; Goldberg v. Wilcox, 127 Okla. 263, 260 P. 777; Pate v. Smith, 128 Okla. 29, 261 P. 189. Neither party cites any case dealing with evidence sufficient to sustain a finding as to the rental value of the real property. However, one of the cases above, to wit, Goldberg v. Wilcox, deals with the value of real property, and therein the court said:

"The witnesses, whose evidence is challenged, testified that they had lived in the vicinity of the land for a number of years. One testified that he had lived in the county 40 years, and in the immediate vicinity of the land four years; one had lived in the immediate vicinity twelve years; one eight years; one twenty-one years. All were farmers, all testified that they were farmers, and knew the land in controversy and its value."

If this is the rule as to the value of the entire property, then for the stronger reason the testimony of a witness living in the community who stated that he was fairly acquainted with the rental value of the property would be competent.

The finding as to the rental value is supported by the evidence.

Judgment affirmed.