Robert E. PRINCE and Lou
Jean Prince, Plaintiffs,

v.

Dan R. BROWN and Southside Auto
Sales, Inc., Defendants,

and

Glenda L. Brown, Defendant/Appellant,

and

Red River Federal Savings and
Loan Association, Third
Party Defendant,

and

Citizens Bank, Third Party
Defendant/Appellee.

No. 78919.

Court of Appeals of Oklahoma,
Division 3.

March 23, 1993.

Rehearing Denied May 4, 1993.

Certiorari Denied July 13, 1993.

**590**

J.W. Doolin, Lawton, for appellant.

Don L. Smith, Lawton, for appellee.

## MEMORANDUM OPINION

HUNTER, Judge:

Appellant, Glenda L. Brown, appeals the trial court's order granting a deficiency judgment and attorney fees to Appellee Citizens Bank (Bank) upon foreclosure of a real estate mortgage given by Appellant, Dan Brown, Robert E. Prince and Lou Jean Prince. The above styled action was filed in 1987 to partition certain properties, including an office building, owned conjointly by the Browns and the Princes. Bank was named as third party defendant in the action in 1989 because it held a first mort-gage on the property. Bank then cross petitioned to foreclose its mortgage. Judg-ment of foreclosure was rendered by the trial court in March, 1991, and the property was sold to the Bank at the sheriff's sale. Bank next sought a deficiency judgment, including attorney fees, against the Browns and Princes, which was entered against Glenda Brown and the Princes in November, 1991. A discussion of the other parties named in the case is not relevant to the issues before us. Only Glenda L. Brown now timely appeals.

■ Appellant first alleges that Bank was not entitled to a deficiency judgment under the facts of the case because it was a mortgagee in possession of the property. A mortgagee in possession is a term ap-plied to one who has lawfully acquired ac-tual possession of the premises mortgaged to him, standing on his rights as mortgagee and not claiming under another title, for the purpose of enforcing his security on such property or making its income help pay his debt. The mere fact that a mort-gagee receives rents and profits does not constitute him a mortgagee in possession unless he takes the rent in such a way to remove from the hands of the mortgagor the management and control of the estate. 59 C.J.S. Mortgages § 305. In Oklahoma, a mortgagee who receives rents and profits does not become a mortgagee in possession "unless the mortgagee also enters into con-tinued physical possession of the mort-gaged real property and exercises exclusive operating control of the mortgaged real property." *Teachers Ins. and Annuity Assn. of America v. Oklahoma Tower As-sociates Limited Partnership*, 798 P.2d 618, 621 (Okl.1990).

■ A mortgagee lawfully in posses-sion of the estate without foreclosure or before a foreclosure has the right and duty to collect the rents and profits, although he is bound to apply them on the mortgage debt and to account for the surplus. 59 C.J.S. Mortgages § 318. A mortgagee in possession of the mortgaged premises is liable for any waste or his gross misman-agement or wrongful or tortious acts which injure the property, including permanent

depreciation of the property caused by the failure to make necessary or proper repairs. 59 C.J.S. Mortgages § 336. Appellant correctly points out that in Oklahoma, a mortgagee in possession is held to the exercise of such care and diligence as a prudent owner in charge of the premises would exercise. *First National Bank of Davis v. Currie*, 105 Okl. 175, 232 P. 94 (1924). However, a mortgagee in possession will be held accountable for the reasonable rental value of the premises, even if he did not actually receive any rent therefrom, only if he is guilty of willful default or gross negligence in the renting of the property or the collecting of its rents. *Conaway v. Thomas*, 101 Okl. 227, 224 P. 965 (1924).

■■■ An action related to a mortgage foreclosure is equitable in nature. *Murphy v. Fox*, 278 P.2d 820 (Okl.1955). In equitable actions, a trial court's judgment will be set aside only if it is clearly contrary to the weight of the evidence. *Burdick v. Independent School Dist. No. 52 of Oklahoma County*, 702 P.2d 48 (Okl.1985). Keeping these principles in mind, we now consider the facts presented at trial.

Appellant urges that Bank became a mortgagee in possession of the property on August 31, 1988 when it was appointed as receiver and agent to collect the rent from the existing tenant and to service the mortgage. After the tenant vacated the building in January, 1990, Appellant claims Bank, as mortgagee in possession, refused to rent the property and failed to maintain and make repairs on the property, which resulted in permanent depreciation from the disrepair and lost rents and profits on the building. Because of Bank's alleged gross mismanagement, Appellant contends Bank should not have been granted the deficiency judgment. However, the record does not support Appellant's version of the facts.

While the record shows that the Princes requested the court to appoint a receiver for the property on two separate occasions because Dan Brown was not applying the rental payments received from the tenant to the mortgage balance, there is nothing in the record showing that Bank was ever appointed as receiver in accordance with 12 O.S.1991 § 1551 *et seq.* The trial court entered no order appointing a receiver and no bond was posted. The trial court's August 31, 1988 order disposing of various motions makes no mention of appointment of Bank as receiver or agent to collect rent with any control or management duties related to the property.

■■■ Appellant improperly attaches to her brief in chief a copy of transcript pages from an August 31, 1988 hearing as an exhibit in support of her claim, but failed to include this transcript in the record on appeal. This Court may not consider as part of the appellate record any instrument or material which has not been incorporated into the assembled record by certificate of the clerk of the trial court, despite an appellant's attempt to supplement the record by attaching these materials to the appellate brief. *Hart v. McVay*, 832 P.2d 822 (Okl.1992). One who seeks corrective relief is responsible for and bound by the contents of the record presented for review. *Snyder v. Smith Welding & Fabrication*, 746 P.2d 168 (Okl.1986).

■■■ In any case, Bank admits that it was instructed by the trial court at the August, 1988 hearing to receive the rental payments from the tenant directly so that it could apply these sums to the mortgage indebtedness. Bank's vice president, Larry Benson, testified at trial that Bank's only responsibility was to receive the rents to apply to the mortgage and that Bank had no key to the property until after the sheriff's sale on April 29, 1991. Robert Prince corroborated the fact that Bank was never charged with the responsibility of maintaining the property, and testified that Bank's sole duty was to receive the rental payments. Only Dan Brown, Appellant's ex-husband, testified that Bank was appointed receiver with possessory control over the property. Brown also testified that he referred two possible tenants to Bank to inquire about leasing the property. Larry Benson testified that he never spoke with Brown or the potential tenants about leasing the property. Based upon testimony

from Benson and Prince, we find the trial court's judgment is not clearly contrary to the weight of the evidence. The credibility of the witnesses was for the trial court's determination. Appellant failed to show that Bank was a mortgagee in possession and that it was guilty of willful default or gross negligence in collecting the rent. Bank was entitled to the deficiency judgment ordered by the court.

We also find no merit in Appellant's claim that the trial court's finding that the property had a reasonable market value of $85,000 was contrary to the evidence. Bank's MAI appraiser specifically testified that the property was worth $85,000 near the time of the sheriff's sale. This evidence clearly supports the trial court's finding as to the reasonable market value of the property.

Appellant lastly contends the amount awarded by the trial court in attorney fees was excessive. The record shows Appellant's counsel at trial objected to the award of attorney fees because Bank's counsel had not offered proof of the value of the services rendered. However, at the subsequent hearing on attorney fees, Appellant's counsel specifically stipulated that the fee awarded was reasonable and necessary. Bank's counsel presented the court with lengthy time records to support the amount awarded. Based upon Appellant's counsel's stipulation, we find no error in the amount of attorney fees awarded by the court.

The trial court's judgment is hereby AFFIRMED. Bank's request for appellate-related attorney fees for its defense of this appeal is granted, and this matter is REMANDED to the trial court for a hearing on attorney fees in accordance with the standards set forth in *State ex rel. Burk v. City of Oklahoma City*, 598 P.2d 659 (Okl. 1979).

AFFIRMED.

HANSEN, C.J., and BAILEY, P.J., concur.