Wanda L. MEYER, Appellee,

v.

OKLAHOMA ALCOHOLIC BEVERAGE
LAWS ENFORCEMENT COMMISSION,
Appellant.

No. 83791.

Court of Appeals of Oklahoma,
Division No. 4.

Jan. 24, 1995.

Andrew T. Dalton, Jr., Tulsa, for appellee.

W. Kurt Morgan, Alcoholic Beverage Laws
Enforcement Com'n, Oklahoma City, for appellant.

STUBBLEFIELD, Judge.

This is an appeal from the district court's reversal of the declaratory ruling of the Oklahoma Alcoholic Beverage Laws Enforcement Commission (ABLE) that a newly created form of business entity, a limited liability company (LLC), is not entitled to receive and hold a retail package store license. Wanda L. Meyer, holder of a retail package store license, initiated these proceedings when she petitioned ABLE requesting a declaratory judgment that she could hold the license as an LLC, a business entity authorized by the Oklahoma Legislature in 1992 through the adoption of the Oklahoma Limited Liability Company Act (OLLC Act), 18 O.S.Supp.1992 §§ 2000 through 2060. ABLE denied the petition, thus holding that an LLC is not eligible to hold a retail package store license.

Meyer, pursuant to the provisions of the Administrative Procedures Act, 75 O.S.1991 §§ 250–323, appealed the ABLE decision to the district court. That court focused on two provisions of the law: (1) The Oklahoma constitutional provision, which only prohibits licensing of "corporations, business trusts, and secret partnerships," Okla. Const. art. 28, § 10; and, (2) The provision in the LLC Act that authorized LLCs to "conduct business in any state for any lawful purpose, *except the business of banking and insurance*," 18 O.S.Supp.1992 § 2002 (emphasis added) (footnote omitted). Based upon those provisions, and a conclusion that the provisions of the Oklahoma Alcoholic Beverage Control Act "do not prohibit an LLC from holding a package store license," the trial court reversed the ABLE ruling and ordered it to "issue such license to petitioner as a limited liability company."

ABLE appeals, claiming that the order of the lower court is contrary to law in that an LLC is not authorized to hold a package store license. ABLE further claims that it could not be ordered to grant a license when no application by Meyer, as an LLC, was made.

■ We first address a procedural matter. Meyer seeks to supplement her appellate brief with evidentiary materials that were not presented to ABLE or the district court.

We may not consider materials that are not validly a part of the record on appeal. *Prince v. Brown,* 856 P.2d 589 (Okla.Ct.App. 1993). Thus, we deny the motion to supplement brief.

■ The issue is one of first impression— whether an LLC, created pursuant to the OLLC Act, is eligible for issuance of a retail package store liquor license. Indeed, the issue could only have arisen after the 1992 legislative creation of the new form of business entity. LLCs were not a recognized business entity in this state at the time of adoption of our Constitution or at the time of adoption of the Oklahoma Alcoholic Beverage Control Act. However, both the Constitution and the Oklahoma Alcoholic Beverage Control Act do address qualifications of an applicant for a package store license. We conclude that the constitutional directives *do* prohibit the holding of a license by an LLC and, thus, the lower court did err in its conclusion.

The pertinent constitutional provisions are Okla. Const. art. 28, §§ 4 and 10. Section 4, in pertinent part, provides:

Not more than one retail package license shall be issued to any person or general or limited partnership.

Section 10, in pertinent part, provides:

No retail package store or wholesale distributor's license shall be issued to:

(a) A corporation, business trust or secret partnership.

(b) A person or partnership unless such person or all of the copartners including limited partners shall have been residents of the State of Oklahoma for at least ten (10) years immediately preceding the date of application for such license.

(c) A person or a general or limited partnership containing a partner who has been convicted of a violation of a prohibitory law relating to the sale, manufacture, or the transportation of alcoholic beverages which constituted a felony or misdemeanor.

(d) A person or a general or limited partnership containing a partner who has been convicted of a felony.

■ It is true, as noted by the trial court in its decision, that the specific constitutional *prohibitions* regarding license holders includes only corporations, business trusts, and secret partnerships. Of course, neither the framers nor amenders of the Constitution could have addressed the qualification or disqualification of LLCs as retail package store licensees, because the business entity did not exist in this state until 1992. Indeed, the testimony before ABLE indicated that the business form did not exist in this country until 1977. However, the Constitution did address all of the business formats as they existed at the time of adoption of the article on alcoholic beverage laws and enforcement and, significantly, section 4 names only *individuals and partnerships* as those entities to which a license may be issued.

Likewise, it is true that the Oklahoma Alcoholic Beverage Control Act does not prohibit an LLC from holding a license. However, what the Act does or does not prohibit is not dispositive because the Act does not purport to address the nature of the applicant—a matter controlled by the constitutional provisions. The Act does restate some of the disqualifications set forth in section 10 of the Constitution regarding residency, criminal conviction, etc., but does not purport to prohibit the licensing of corporations, business trusts and secret partnerships, which *are* specifically prohibited as licensees by the Constitution. It appears that qualification as a license holder, with regard to types of business entities, was left to the constitutional pronouncement.

■ When the legislature adopted the OLLC Act, it provided that "[a] limited liability company may be organized under this act and may conduct business in any state for any lawful purpose, except the business of banking and insurance." 18 O.S.Supp.1992 § 2002 (footnote omitted). Of course, such a legislative enactment could not countermand a constitutional prohibition, even if that had been the legislative intent. However, we do not believe the language of section 2002 indicates a legislative intent to extend the authority of LLCs in ways specifically prohibited elsewhere by statute, and particularly not to an act prohibited by the Oklahoma Consti-

tution. Thus, we do not view section 2002 of the OLLC Act as sanction for the operation of a retail package store by an LLC.

■ If we interpreted section 2002 as argued by Meyer, then it could, in some respects, negate specific declarations of Okla. Const. art. 28, § 10. An LLC—neither a person, corporation nor partnership—is not specifically named in section 10 and, thus, if eligible as a licensee, its members would not be subject to the same restrictions regarding residence, violations of the liquor laws and status as a felon, which are imposed upon members of other permissible business entity licensees. Even the similar prohibitions in 37 O.S.1991 § 527, are not drawn with this new business entity in mind and would not clearly apply to LLC members. Meyer apparently recognized this fundamental problem with the LLC business entity and by company rule restricted membership in keeping with the prohibitions of the Constitution and section 527. However, these restrictions are set out in fully amendable articles. 18 O.S.Supp.1992 § 2011. Furthermore, the question is not whether the members of *this* particular LLC are eligible applicants because those members are not the applicants. The applicant is the LLC, and the question is whether the business entity is a permissible license holder.

Meyer argues that an LLC is essentially a partnership. However, the act creating the business form is in Title 18, which is entitled "Corporations." Furthermore, a provision in our Uniform Partnership Act states that "any association formed under any other statute of this state ... is not a partnership under this act, unless such association would have been a partnership in this state prior to adoption of this act." 54 O.S.1991 § 206(2).

■ Meyer claims that its expert witness, the only witness in all the proceedings, testified that an LLC was a partnership. However, contrary to Meyer's contention, the witness's testimony was not so unequivocal. The totality of the testimony was that an LLC is a hybrid that has attributes of both corporations and partnerships. The witness indicated an LLC is more like a partnership, but noted the primary difference is that all

owners/members have limited liability in an LLC—something not found in partnerships. We conclude that the limitation of liability of all LLC members is a substantial difference especially relevant to the provisions of our liquor laws.

■ Our examination of the pertinent constitutional provisions leads us to conclude that their evident purpose was the assignment of personal responsibility for compliance with the liquor laws. Thus, business forms that did not insure such personal responsibility were excluded from eligibility for licensing.

■ The OLLC Act does exactly what its name indicates. It creates a form of business that has as its most important feature the limitation of liability of its members. This liability limitation is also a shield from the very responsibility and accountability that the constitutional provisions regarding alcoholic beverage laws and enforcement sought to impose.

The trial court reversed the ABLE decision as contrary to law. Based upon the foregoing analysis, we conclude that there was no such error and that the trial court erred in reversing the ABLE decision. Because of our ruling, we do not need to address ABLE's contention that the trial court erred in ordering it to grant a license when an application had not been made.

The judgment of the trial court is REVERSED.

GOODMAN, P.J., and REIF, J. (sitting by designation), concur.