Robert Longino, Director Division of Alcoholic Beverage Control Kansas Department of Revenue 915 S.W. Harrison, 2nd Floor Topeka, Kansas 66612-3512
Dear Director Longino:
You request our opinion regarding treatment of limited liability companies (LLCs) that apply for licenses under the Kansas Club and Drinking Establishment Act.[1] Your question arises due to the fact that this Act contains no provisions specifically addressing LLCs, leaving the Division and others with the problem of having to determine whether such companies are more like corporations, partnerships or natural persons for purposes of meeting licensure requirements. It is necessary to know how LLCs should be treated because different qualifications and other requirements apply depending on the nature of the applicant.
The failure of Kansas liquor laws to keep pace with the changes in business organization laws is well documented. In 1985, this office was asked to opine regarding how limited partnerships applying for retail liquor licenses should be treated. In that opinion, then Attorney General Stephan noted that, "while the legislature may wish to amend K.S.A. 1984 Supp. 41-311 to specifically make mention of limited liability partnerships and perhaps create less rigorous requirements for those persons acting as limited partners," in the absence of such specific legislation, limited partnerships should be treated as partnerships rather than as corporations.[2] This conclusion was based on the finding that although there are a number of similarities between a limited partnership and a corporation, limited partnerships are not corporations but rather a special type of partnership and thus should be treated as such.[3] In 1994, a similar question arose with regard to how LLCs should be treated for purposes of obtaining a license under the Kansas Liquor Control Act.[4] At that time, the Kansas Limited Liability Company Act[5] provided that companies organized and operated under that Act could conduct any lawful business (with certain stated exceptions) that a partnership or individual could conduct, and that LLCs formed under the Act were not to be construed as corporations.[6] For these reasons, and because the Liquor Control Act did not specifically prohibit licensure of LLCs, Attorney General Stephan opined that the prohibition in the Liquor Control Act against corporations obtaining retailers licenses did not apply to LLCs.[7] Our records also reflect that the question regarding treatment of LLCs was again raised in 1998, this time concerning whether the provision in the Club and Drinking Establishment Act that prohibits licensing foreign corporations[8] operated to require that an LLC seeking a club or drinking establishment license be organized under Kansas law.[9] Our advice again was that legislation should be sought to address the issue, but that absent a requirement in the law for LLCs to be organized in this State, the Division should not so demand.
Now, once again, the issue arises and our opinion is sought. As noted previously, the Kansas Limited Liability Act that was cited in Attorney General Opinion No. 94-90 has been repealed. In its place, the Legislature enacted the Kansas Revised Limited Liability Company Act[10] in 1999. This Act took effect on January 1, 2000 and is applicable to all LLCs formed in Kansas, "whether formed before or after such date."[11] The Revised Act does not contain a provision similar to that found in K.S.A. 17-7603, repealed, that LLCs shall not be construed as corporations. However, the Act does continue to provide that "[u]nless otherwise specifically prohibited by law," LLCs "may carry on any lawful business . . . ."[12] Thus, absent a specific prohibition in the Liquor Control Act or the Club and Drinking Establishment Act against licensing LLCs, it is our opinion that LLCs formed under Kansas law are still eligible to apply for licenses under either Act.[13] Whether a foreign LLC is so eligible may depend in part on the statutes of the state in which it is formed.[14] Which provisions of the liquor Acts to apply to LLCs, however, is a more difficult question and one that is not answered by the statutes and regulations currently in place.
The CCH Guide to Limited Liability Companies gives a good, succinct explanation of the basic purpose and structure of limited liability companies:
 "Business and tax planners have long sought a business entity that delivers the key advantages of pass-through taxation for the business and limited liability for its owners. Traditionally, S corporations and limited partnerships were drawn upon in order to obtain these beneficial characteristics for a business or investment.
 "However, both S corporations and limited partnerships have some drawbacks. Even though restrictions were relaxed with the Small Business Job Protection Act of 1996, S corporations, a creature of the federal tax law, still have relatively restrictive and inflexible requirements on the number of owners and types of ownership. Limited partnerships do not provide 100 percent limited liability since at least one general partner must be responsible for entity obligations under state law (although this drawback can be avoided somewhat by using a corporate general partner). In addition, the management participation of limited partners is generally prohibited or severely restricted.
 "Against this backdrop, another alternative emerged: the Limited Liability Company (LLC). An LLC is a hybrid entity that combines the most favorable features of both partnerships and corporations. It allows: (1) complete pass-through tax advantages and the operational flexibility of a partnership; (2) corporation-style limited liability under state law; and (3) management participation by all members, if desired."[15]
While LLCs possess similarities to both corporations and partnerships, they possess differences from both as well.[16] LLCs are separate legal entities,[17] organized and operated under separate statutory enactments. How LLCs should be treated for purposes of qualifying for licensure under the Kansas Liquor Control Act and the Kansas Club and Drinking Establishment Act is a policy determination that should be made by the Legislature or, within its scope of authority, the Division of Alcoholic Beverage Control through promulgation of appropriate rules and regulations.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Julene L. Miller Deputy Attorney General
CJS:JLM:jm
[1] K.S.A. 41-2601 et seq.
[2] Attorney General Opinion No. 85-4.
[3] Id.
[4] K.S.A. 41-102 et seq.
[5] K.S.A. 1993 Supp. 17-7601 et seq., repealed, L. 1999, Ch. 119, § 87.
[6] Attorney General Opinion No. 94-90, citing K.S.A. 1993 Supp.17-1703(a) and (b).
[7] Id.
[8] K.S.A. 41-2623(a)(8).
[9] Memorandum from Deb Billingsley, Re: Limited Liability Companies, March 13, 1998.
[10] K.S.A. 2000 Supp. 17-7662 et seq.
[11] K.S.A. 2000 Supp. 17-76,140.
[12] K.S.A. 2000 Supp. 17-7668(a). See also Callison Sullivan, Limited Liability Companies, a State by State Guide to Law and Practice § 15.26, at 207 (West 2000 Supp); Uniform Limited Liability Company Act (ULLCA), 6A U.L.A. § 112, Comment (1995) ("A LLC may be organized for any purpose unless the State has specifically prohibited a company from engaging in a specific activity").
[13] Compare Meyer v. Oklahoma Alcoholic Beverage Laws EnforcementComm'n, 890 P.2d 1361 (Okla.App. 1995) with Kan. Const., Art. 15, § 10 and Kansas statutes authorizing licensure of corporations.
[14] K.S.A. 2000 Supp. 17-76,120.
[15] Guide to Limited Liability Companies ¶ 101, at 1-2, (Maurice M. Cashin et al. eds., 4th ed. 1997). See also Robert W. Wood, Limited Liability Companies; Formation, Operation and Conversion § 1.1, at 1, § 1.3, at 4, § 1.10, at 11 (1993).
[16] Wood, supra note 15, § 1.4, at 1-6, § 1.5, at 6.
[17] K.S.A. 2000 Supp. 17-7673(b).